THE ILLINOIS CENTRAL RAILROAD COMPANY, Appellant, *v.* JOSIAH GOODWIN, Appellee.

APPEAL FROM JACKSON.

In an action against a railroad company, for injury to stock, if negligence is clearly proven on the part of the plaintiff, then the defendant is only responsible for gross negligence, which implies willful injury.

The case of the *Ill. Cent. R. R. Co.* v. *Phelps,* 29 Ill. R. 447, approved.

THE facts of this case are sufficiently stated in the opinion.

HAYNIE & GREENE, for Appellant.

MULKEY & BAKER, for Appellee.

Cited, American R. R. Cases, vol. 2, p. 117; Angel on Carriers, p. 23.

BREESE, J. This case is similar in all respects to the case of the *Illinois Central Railroad Co.* v. *Phelps,* decided at the November term, 1862, of this court for the First Grand Division. The testimony is in all respects the same in both cases, and that case must decide this, as on a review of it, we can see nothing to alter.

As in that case, so in this, it was shown that the place where the accident occurred was within the town plat of the town of Carbondale, where the company were under no obligations to erect and maintain a fence. It does not appear that the train was running at an unusual or improper speed, nor that the driver of the engine failed in his duty, as he kept a good look-out all the time, but the animals came so suddenly on the track from the east side of the road where there was a pile of wood concealing them, that he did not perceive them until they were on the track as if to cross it, and were instantly struck.

There is some contrariety of evidence, as to the ringing the bell or sounding the whistle, at the starting. Railroad companies are required to ring the bell or sound the whistle at all railroad crossings, and for default, are liable to a penalty of fifty dollars, and for all damages sustained by the neglect. This accident did not occur at a road-crossing, and no witness has stated, or could state, that the injury resulted from neglecting these precautions. There was no fact proved from which this could be fairly inferred.

In all these cases, negligence is relative, the negligence of one party must be measured and compared with that of the other. The proof, on behalf of the company is, that care was used in running the train at the usual, and not improper speed, and that the animals, hidden from the view of the engine-driver, who was on the look-out, came suddenly on the track, and on the instant were struck. The proof on the other side is, that these animals were running loose in the town of Carbondale, exposed to all the hazards of such a range, where trains of cars are passing, in great numbers, every day. We conceive, that the negligence of the owner of the animals, far outweighs any negligence properly imputable to the railroad company, and deprives him of any right of action. This principle has been often announced by this court. *Galena and Chicago Union Railroad Co.* v. *Jacobs*, 20 Ill. 478, where most of the authorities on this point are reviewed. See also, *Galena and Chicago Union Railroad Co.* v. *Dill*, 22 Ill. 270.

The jury also seem to have disregarded the instructions of

the court given on behalf of the defendant, and found against the evidence in the cause. This would not, perhaps, be ground of reversal, if, upon the whole record, it should appear that justice has been done. We cannot think any cause of action was made out against the defendant, no negligence was proved, or if any, it was so slight as to bear no comparison with the greater negligence of the plaintiff.

Negligence of the plaintiff being so apparent, the defendant could be responsible only for gross negligence, which implies a willful injury. *Chicago and Mississippi Railroad Co.* v. *Patchen,* 16 Ill. 198.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*