Cline *v.* Gibson.

---

## Cline *v.* Gibson.

EVIDENCE—RECORD.—The acts of a court and the contents of records can not be proved by oral testimony.

SAME.—A paper purporting to be a certified copy of a decree of a court of *Owen* county, which fails to show in what court the decree was rendered, and that the necessary steps were taken to give the court jurisdiction of the person of the defendant, and that the matters ordered and decreed were within the relief sought is not competent to prove the acts of the court

SAME.—As to what a transcript should contain, see cases cited in opinion.

APPEAL from the *Bartholomew* Common Pleas.

HANNA, J.—*Gibson* filed his petition, alleging that *Mary E. Gibson*, an infant aged six years, was in the custody of, and unlawfully detained by, *George* and *Hannah J. Cline;* that he is entitled to the custody of said *Mary*, because, at the *May* term of *Owen* Circuit Court, said court dissolved the bonds of matrimony between said *William* and said *Hannah*, and awarded the custody and guardianship of said *Mary* to him during her minority, etc.

The question in controversy turned, as the pleadings were framed, upon the question whether the *Owen* Circuit Court had decreed, as the said *Gibson* alleged in his petition, in regard to the custody of said child. The evidence adduced to establish that fact was as follows:

"WILLIAM G. GIBSON *v.* HANNAH J. GIBSON—Divorce.— And now comes the plaintiff, by *Franklin* and *Richards*, his attorneys, and the defendant, on motion, being three times called, comes not, but makes default, and it appearing to the satisfaction of the court, from an inspection of the summons herein and the sheriff's return thereon, that said defendant has been duly served with process more than ten days before the first day of the present term of this court, and the prosecuting attorney now comes, and this cause is submitted to the court, and the evidence being heard, and the court being fully advised, finds for the plaintiff that a divorce ought to be granted, and the custody and guardianship of the minor child, *Mary E. Gibson*, mentioned in plaintiff's complaint.

"It is, therefore, ordered, adjudged, and decreed by the court that the bonds of matrimony heretofore solemnized and subsisting between the parties, be and the same are forever dissolved and held for naught, to all intents and purposes, as if the same had never been entered into, and that the custody and guardianship of the minor child, *Mary E. Gibson*, be awarded to said plaintiff during her minority."

"STATE OF INDIANA, *Owen* county, *ss.*

"I, *Freeman H. Fowler,* clerk of the Circuit Court in and for said county and state aforesaid, do hereby certify that the above and foregoing is a true, full, and correct copy of the order of divorce in the above entitled cause. In witness," etc.

This paper was also attached to the petition, and made a part thereof. It will be observed that the said *William* does not allege directly, and perhaps scarcely inferentially, that he is the father of the child, but relies apparently upon the decree of the *Owen* court. The petition states that it was the Circuit Court; the paper produced is silent upon that subject. It is urged that for this, among other reasons, a full record of the proceedings, if such proceedings were had or record exists, should have been produced; that the jurisdiction of the court over the subject-matter and the person of the defendant might appear. The action of the court in *Owen* county was attempted to be proved by the oral testimony of the plaintiff, and such testimony was received over the objection of the defendant. This ruling was evidently wrong. That is not the mode of proving the acts of a court or the contents of its records; but, if the paper presented proves these facts, perhaps the testimony of the plaintiff did no harm. Was that paper sufficient? We are of the opinion it was not. It does not show that such steps had been taken as gave to the court jurisdiction of the person of the defendant in the suit, nor that the matters ordered and decreed were within the relief sought. The paper does not purport to be a transcript of the proceedings in the case, and it has often been decided that to authorize the introduction of a transcript it should contain matters which are certainly not in this. *Wiley* v. *Wingate,* 6 Ind. 458; *Foote* v. *Glover,* 4 Blackf. 313; *Doe* v. *Smith,* 4 Blackf. 228. We are not aware of any statute that has changed the rule laid down in these cases.

*Per Curiam.*—Judgment reversed.

*N. T. Hauser,* for appellant.

*F. T. Hord, jr.,* for appellee.