GEORGE C. RIPLEY, ASSIGNEE IN BANKRUPTCY, vs. THE MERCHATNS' NATIONAL BANK.

Under the statute (Gen. Statutes, tit. 1, sec. 207,) which provides that "the authority signing a writ of error shall take good and sufficient bond with surety that the plaintiff shall prosecute, &c.," bond must be given with surety at the time of the signing of the writ, and such a bond filed with the clerk at the opening of the court is not sufficient.

Whether a recognizance of a third person would not be sufficiently a bond with surety:—*Quære.* There is a practice that goes to sustain the sufficiency of such a bond.

But clearly a bond given by the plaintiff himself, without surety, is not sufficient.

Where the memorandum of the bond in the writ over the signature of the clerk was as follows:—"Bonds of prosecution given, and the plaintiff is recognized in the sufficient sum of one hundred dollars to prosecute, &c.," it was held that this could not be taken to mean that sufficient bonds were given, the statement with regard to the plaintiff's having given bond restricting the operation of the general words.

If the memorandum had been simply "Bonds for prosecution given,"—it would have been inferred that full and legal bond was given, and it would have been a sufficient memorandum of the giving of such a bond, if such a bond had been given.

The Supreme Court will try an issue of fact on a plea in abatement of original process brought before that court.

WRIT OF ERROR from a judgment of the Superior Court in New London County.

The only entry upon the record of bond given on the writ was in the following memorandum at the close of the writ, and above the signature of the clerk of the court:—"Bonds for prosecution given, and George C. Ripley recognized in the sufficient sum of one hundred dollars to prosecute, &c." The provision of the statute with regard to the bonds to be given on the issuing of writs of error, is as follows:—"And the authority signing such writ shall take good and sufficient bond, with surety, that the plaintiff in error shall prosecute his suit to effect and answer all damages if he fail to make his plea good." Gen. Statutes, tit. 1, sec. 207.

The defendants in error pleaded in abatement "that the plaintiff in error, at the time he prayed out said writ, did not give a good and sufficient bond with surety that the plaintiff in error should prosecute his suit to effect and answer all damages in case he fail to make his plea good; nor did the authority signing said writ of error take good and sufficient bond with surety that the plaintiff in error should prosecute his suit to effect and answer all damages if he fail to make his plea good; nor did the authority signing said writ take any other bond than the recognizance of George C. Ripley, the plaintiff in said writ, in the sum of one hundred dollars, to prosecute, &c.; and this the defendants are ready to verify. Wherefore they pray judgment, &c."

The plaintiff in error replied as follows:—"The said plaintiff in error, for replication to the plea of the defendants by them above pleaded, replies and says that his writ ought not to abate or be dismissed, because he says that the allegations in said plea pleaded are untrue, and if true are insufficient. Wherefore he prays judgment, &c."

It appeared that a bond with surety had been filed with the

clerk at the opening of the court by the plaintiff in error. The plaintiff in error was an assignee in bankruptcy, duly appointed by a court of the United States, and sued as such.

The case was argued only upon the demurrer to the plea in abatement.

*S. E. Baldwin* and *Lucas*, in support of the demurrer.

1. The provisions of sections 1, 207, and 210, title 1, General Statutes, being all on the same subject, are to be construed alike. The provision that on a motion in error the party shall give sufficient surety by recognizance to the adverse party defines the word " surety " as meaning in this connection " a recognizance to the adverse party." And such is the practice. *Yeomans* v. *Phelps*, 2 Day, 227.

2. The section as to writs of error, unlike the others, requires nothing of the party as a prerequisite to the allowance of the writ. It is simply directory to the authority signing the writ and limits no time in which he is to require bonds. In this case bonds were given on the opening of the court, if they were not before.

3. The plaintiff and Mr. Lucas, before the writ was signed, offered and gave all the bonds required by the clerk. He certifies that " bonds for prosecution were given," and this certificate imports conclusively that proper bonds were given. *Eno* v. *Frisbie*, 5 Day, 122 ; *Watson* v. *Watson*, 9 Conn., 144.

4. The plaintiff sues in an official character, as the representative of another court of a higher sovereignty. As such representative he is exempt from giving bonds under any state law, for it tends to impede his official action. He has however given his individual bond as surety for his official acts.

5. The defendants' remedy, if more bonds are needed, is to move for them. Bonds are not required to be given when the writ is prayed out or at any particular time. As the defendants confine their objection to the omission to take bonds at the exact moment when the writ was prayed out, their plea is insufficient. Sufficient bonds may have been taken before or since that time.

*Halsey* and *Pratt*, contra, cited *Ives* v. *Finch*, 22 Conn., 101.

At the opening of the court the next morning the opinion of the judges was given orally by the Chief Justice as follows:

PARK, C. J.　The court hold the plea in abatement sufficient.　We regard the statute as clearly requiring bond to be given, with surety, on the issuing of the writ of error.　The record states that " bonds for prosecution were given, and George C. Ripley was recognized, &c."　This a majority of the judges take to mean that George C. Ripley alone gave bond.　If the record had been simply " bonds for prosecution given," and no more, it would have been inferred that full and legal bond was given, and it would have been a sufficient memorandum of this, provided bond with surety had in fact been given.　The question of fact is of course open.　The case coming to this court by original process, of course the question of fact can be made here, whether bond was duly given, or whether service was in fact made, or any other issue of fact that could properly be made by a plea in abatement.　The replication is both a demurrer and a traverse.　Our present decision is on the demurrer.　The plaintiff can of course go on with his traverse and show that the allegation of the plea that no bond with surety was given is not true; but we suppose, from what was said by both parties, that there was in fact no such bond given.　It was stated that a bond had just been filed by the plaintiff with surety, but we are of opinion that such a bond would be of no avail.　The bond must be given at the time of the signing of the writ of error by the clerk, and if not given then the omission cannot be made good by giving a bond after the case gets into court.　The person giving bond here was Mr. Ripley, the plaintiff.　If some other person had given bond it might perhaps have been enough.　We do not decide that point.　There is a practice that would go to sustain the sufficiency of a bond so given.

FOSTER, J., remarked that he did not concur in the decision, but did not state his views.