SAMUEL MORSE vs. JOHN RANKIN.

Under the statute (Gen. Statutes, p 397, § 3), which provides that in all civil actions, where the plaintiff is not a resident of the state, the authority signing the writ shall require him to give bonds for prosecution with some substantial citizen of the state as surety, the writ, if such bond be not given, is of no validity as a process to be enforced, and the defect can not be made good by bond afterwards given in court.

The appeal to the Supreme Court provided for by the act of 1882 (Acts of 1882, p. 144), can be taken only from a final judgment.

[Argued October 3d—decided November 9th, 1883.]

SUIT for a foreclosure; brought to the Superior Court in Litchfield County. Plea in abatement overruled; facts found and judgment for the plaintiff. Appeal by the defendant. The case is sufficiently stated in the opinion.

*D. C. Kilbourn*, for the appellant.

*H. B. Graves*, for the appellee.

GRANGER, J. This suit was brought by a plaintiff residing out of this state, and no bond for the prosecution of the suit was given when the writ was issued, and the defendant pleaded that fact in abatement of the suit. The Superior Court allowed the plaintiff to give bond in court and proceeded to hear the case. Judgment having been rendered for the plaintiff, the defendant brings the case before this court by appeal, assigning as one of the errors the allowing of the plaintiff to file a bond in court and the holding the writ to be good after the bond was so filed.

The statute (Gen. Statutes, p. 397, § 3), in explicit language requires that in any civil action if the plaintiff is not an inhabitant of this state, "the authority signing the process shall require the plaintiff, before such process is signed, to enter into a recognizance to the adverse party with some substantial inhabitant of this state as surety," for the prosecution of the suit and for the payment of costs if the suit is not successfully prosecuted. The authority signing the writ had no right to sign it until this requirement had been complied with, and the writ was of no validity as a process to be enforced, though the defendant could have waived the defect by voluntarily appearing, and submitting to the jurisdiction of the court.

This statute was enacted very early, and has never, so far as we are aware, been held to admit of any other construction than the one we give it. It was intended to protect defendants, and should be strictly complied with. Giving the bond after the writ is issued is not authorized, nor giving bonds in court even at the first term. The writ was then not amendable in this regard, and the court erred in allowing the plaintiff to enter bonds and proceed with the case. We believe these views are in accordance with all the decisions of this court relating to this subject. In a recent case, *Ripley* v. *Merchants' National Bank*, 41 Conn., 187, this

court held that under a statute which provides that "the authority signing a writ of error shall take good and sufficient bond with surety that the plaintiff shall prosecute, &c.," the bond must be given with surety at the time of signing the writ, and that such a bond filed with the clerk at the opening of the court was not sufficient. This was a writ of error to which a plea in abatement was interposed on the ground that no bond with surety was taken when the writ was signed. All the parties were residents of this state. Quite as strong a reason exists in·the present case, where the party plaintiff is a non-resident, and the statute, as we have seen, is equally peremptory, that bonds with surety from some substantial inhabitant of this state shall be given before the writ is signed. The same principle is sustained by the case of *Ives* v. *Finch*, 22 Conn., 101. In an early case, *Hurd* v. *Hull*, 1 Root, 505, decided in 1793, the court decided that a writ issued without the duty being paid was void. It had been continued one term by agreement of parties and was then to be heard on the merits, when it was discovered that the duty had not been paid on the petition. The question was put to the court whether the duty might now be paid and certified, and the cause proceed. The court say :—" The statute is express and positive that no writ shall be valid unless the duty is paid and certified, and the agreement of the parties cannot alter the law." The doctrine of this case was affirmed in the case of *Dee* v. *Ely*, 2 Root, 11, and again in *Eno* v. *Frisbie*, 5 Day, 122. These cases relate to the payment of duty upon the issuing of writs, appeals, &c., but the statute requiring duty to be paid was no more peremptory than· is the one under consideration. But the case of *Ripley* v. *Merchants' National Bank*, (*supra*), is quite decisive of the present. case.

The plaintiff claims that even if this be so, the defendant has waived his right to take advantage of the defect by not appealing from the judgment of the court on his plea in abatement. We cannot assent to this proposition. The act of 1882 (Session Laws of that year, p. 144), we think does not require that the defendant should have taken his appeal

from that judgment. The "judgment" referred to in the act must be the final judgment. There is no occasion for an appeal till final judgment has been rendered. The main purpose of the act was to change the mode of getting a case into the Supreme Court. Its object was, as the plaintiff's counsel claim, to supplement the Practice Act, but only in the matter of supplying the practice, substituting an·appeal in place of a writ of error, motion in error, or motion for a new trial; all being combined in the form of an appeal to the Supreme Court, setting out the reasons of appeal as provided in the act. It would lead to great confusion if a party was bound to take an appeal from every interlocutory judgment of a lower court. There is manifest error in the judgment of the Superior Court in overruling the plea in abatement, and the judgment is reversed.

In this opinion the other judges concurred; CARPENTER, J., who tried the case in the court below, not sitting.