### PEPPER v. FIDELITY & CASUALTY CO.

(Circuit Court, D. Connecticut. October 29, 1903.)

No. 537.

**1. COSTS—REQUIRING SECURITY—ACTION BY RECEIVER OF NATIONAL BANK.**
Rev. St. § 1001 [U. S. Comp. St. 1901, p. 713], which exempts the United States, or any party acting by direction of any department of the government, from giving bond for costs in a federal court, is applicable to an action brought by a receiver of a national bank.

At Law. Upon demurrers to two pleas in abatement; one attacking the jurisdiction of the court, and the other seeking dismissal of the suit because filed by a nonresident without furnishing bonds for costs.

Joseph R. Webster, for plaintiff.
Seymour C. Loomis, for defendant.

PLATT, District Judge. The contentions of the defendant in support of the plea attacking the jurisdiction of the Circuit Court in this district have been examined with scrupulous care. I am satisfied that, despite every consideration presented, the jurisdictional power of this court is plenary. I may be pardoned for refraining from setting forth the reasons for my action. The time at my disposal forbids, and, beyond that, I deem it unnecessary to exploit a conclusion so palpable.

The other plea also lacks merit. It is based upon a Connecticut statute which provides that, if the plaintiff in any civil action is not an inhabitant of the state, a substantial inhabitant thereof shall, before process is signed, either as surety or individually, give a bond to the adverse party that the plaintiff will make his plea good. Gen. St. 1902, § 714. The highest court of the state has decided that a writ cannot be made good by a bond given in court. Morse v. Rankin, 51 Conn. 326. In ordinary cases the rule would be followed in this court, but in the case at bar it is necessary to obey the provisions of Rev. St. U. S. § 1001 [U. S. Comp. St. 1901, p. 713]:

"Whenever a writ of error, appeal, or other process in law, admiralty, or equity, issues from or is brought up to the Supreme Court, or a Circuit Court, either by the United States or by direction of any department of the government, no bond, obligation, or security shall be required from the United States, or from any party acting under the direction aforesaid, either to

prosecute said suit, or to answer in damages or costs. In case of an adverse decision, such costs as by law are taxable against the United States, or against the party acting by direction as aforesaid, shall be paid out of the contingent fund of the department under whose directions the proceedings were instituted."

The defendant argues that the plaintiff does not come within the statute. The case of Platt, Rec. F. & C. Nat. Bank, v. Beach, 2 Ben. 303, Fed. Cas. No. 11,215, seems to settle that contention. Judge Benedict's decision therein was confirmed by Judge Blatchford in Stanton, Rec'r First Nat. Bank of Washington, D. C., v. Wilkeson, 8 Ben. 357, Fed. Cas. No. 13,299. Both cases, decided as they were by such eminent jurists, will repay the earnest student for a careful examination, and, when surveyed from every viewpoint, will afford the critic a light which I trust will illumine upon the entire contention before me, and furnish another reason for my reluctance to incumber records.

The demurrers are sustained. The pleas in abatement are overruled at the cost of the defendant.