SAMUEL HARRIS, "HARRIS MILLINERY SUPPLY COMPANY"

vs.

HARRIS & GANS CO., INC., ET AL.

Court of Common Pleas     Fairfield County     File #36723

Present: Hon. EARLE GARLICK, Judge.

A. D. Slavitt,              Attorney for the Plaintiff.

B. A. Nevas,              Attorney for the Defendant.

MEMORANDUM FILED APRIL 2, 1936.

GARLICK, J. The defendant, Harris & Gans Co., Inc., is a Connecticut corporation and having its office and principal place of business in Norwalk. The plaintiff is of the City and State of New York, in other words a non-inhabitant of this State.

The writ recites "Jennie A. Slavitt of Norwalk, Conn., is recognized in $75.00 to prosecute etc.". Also "I, A. D. Slavitt, the subscribing authority, hereby certify that I have personal knowledge as to the financial responsibility of the plaintiff

and deem it sufficient to pay costs in this action."

The said defendant pleads in abatement because the plaintiff, a non-inhabitant, has failed to post a bond for prosecution as is by statute in such case made and provided.

The said plaintiff in his answer to the plea in abatement, "avers that the Writ, Summons and Complaint instituting said action, contains the required recognizance as provided by the Practice Act and the Rules of Court, therein contained." The subscribing authority frankly stated in open court that he did not actually take any written recognizance but that he recognized Jennie A. Slavitt under a general blanket oral authority.

The plaintiff claims that the certificate contained in the writ, as to personal knowledge of the subscribing authority as to the financial responsibility of the plaintiff, is sufficient. Such a claim, however, is erroneous. It will be noted that Section 5619 of the General Statutes, Revision of 1930, states "if the plaintiff in any civil action shall not be an inhabitant of this state," and this is followed by the word "or". It is a claim of the plaintiff that this word "or" makes a certificate a sufficient notation on the writ, even though the plaintiff is not an inhabitant of this State. The section refers to **any** plaintiff who is not an inhabitant and such a plaintiff must enter into a recognizance; likewise any other plaintiff who is an inhabitant of this State when it does not appear to the subscribing authority that the plaintiff is able to pay costs.

If a defendant thinks a subscribing authority is in error when he certifies as to the financial responsibility of a plaintiff who is an inhabitant of this State he has an immediate remedy by filing a motion for bonds for prosecution.

The defendant relies in part on a decision rendered by this Court on November 7, 1935 in the case of **Eckstein & Sons vs. Gorin, file No. 36479.**

A bond for many years has been held to be an instrument in writing signed and under seal.

**Denton and Smith vs. Adams, 6 Vermont 40 (yr. 1834).**

This case holds in part:—

"One question" (of several) "arises on this demurrer

The declaration does not, in terms, allege that the bond was signed and sealed, but it declares on the defendant's writing obligatory". This term in law implied a deed, and includes sealing. "This is so holden by Sargeant Williams, in his notes to Saunders' Rep. Vol. 1, p. 291 and approved by Chitty, Vol. 1, pages 348 and 360".

In the case of **Taylor and another vs. Glaser, 2 Sargeant and Rawle 501, at 502. (Supreme Court of Penn. year 1816)** it is stated:—

"It has been heretofore decided that any mark made by a pen, in imitation of a seal, may be considered as a seal. The usual mode is to make a circular, oval or square mark . . . . but the shape is immaterial; something, however, there must be, intended for a seal and the writing must be delivered as a deed . . . . this relaxation is confined to the manner of making a seal. Sealing and delivering is still the criterion of a specialty".

Some cases hold that a recognizance is even "higher" than a specialty.

The case of **Deming vs. Bullitt, I. Blackford's Reports, 2nd Edition, at page 241, (Supreme Court of Indiana, 1817 to 1848)** holds that an instrument of writing containing the words sealed with my seal, etc., but having no seal on it, is not a deed. If the declaration describe a bond as the cause of action, and the writing (instrument) shown on oyer be not sealed, the variance is fatal on demurrer.

The case of **McLeod et al vs. State, 69 Miss. 221 (year 1891)** was governed in its determination by state codes. Under the law a bond (of public officers') was not validly executed unless subscribed or signed under the bond, and a seal was not necessary. The Court held "it was a question of fact whether McLeod intended the writing of his name in the body of the bond as his signature. He testified that he did not. It was for the jury to pass upon". However, the case of **Reed vs. Drake, 7 Wendells Reports 345,** (the Supreme Court of the State of New York, decided about 1831) holds that where an obligor signs his name and affixes his seal in the space between the penal part of the bond and the condition thereof, the condition is as much a part of the instrument as if the signature was at the foot of it.

In the case of **Williams, appellant, vs. The State of Florida, 25 Florida Reports 734,** it is held a seal, or a scrawl, to which the statutes gives the same effect, is essential to a bond, and an instrument to which there is no scrawl or seal is not a bond, although in the body thereof it is recited that the obligors or parties thereto have set their hands and seals. (p. 739.)

The case of **Corbin vs. Laswell, Adm., 48 Missouri Appeal reports 626 (year 1892)** was concerned with a bond for an appeal from a probate court. It was held a document not under seal is not a bond, and will not satisfy a statute which requires the giving of a bond for the purpose of an appeal, as the giving of a bond pursuant to statute is a prerequisite to the validity of an appeal. The Court further held that the defective bond cannot be cured by the giving of a new bond in the lower Court, but the appeal must be dismissed.

In the case in hand, a question to be determined is whether or not under the statute a recognizance is a prerequisite to the issuance of the writ.

The early decisions throughout all jurisdictions wherein the Court decisions have been made available through printed reports hold primarily that a bond must be a written instru-ment signed and sealed, and such is the law of today. The matter of a bond, and the law pertaining thereto, may off-hand seem to be inapplicable to the present problem which is concerned with a recognizance. The two, however, are closely related.

One will find interesting the case of **Treasurer of Vermont vs. Jacob Rolfe, 15 Vermont 9, (year 1843)** concerning a recognizance involved in a criminal case. The recognizance is set out in full; it follows substantially a form which had been in use since the year of 1792. It does not appear to be a bond, signed, sealed and delivered. It states the principal and sureties "came personally before the Judges of the Court aforesaid, as by the record of said County Court will more fully appear, and in open Court, acknowledged themselves jointly and severally," etc. "which said recognizance and the condition thereof being duly certified in open Court, by the Clerk of said Court, and was duly received in the said County Court", etc. It would seem from the record that the prin-

cipal (the accused) and the sureties appeared personally in open Court and orally became bound to the treasurer of the state. The Court further held (p. 11) that while in this particular case "no power is expressly given to the Court, by statute, to take any recognizance in such a case, nor is any form prescribed" yet the authority or power was incident to the Court. It will be found, however, that in similar cases the Courts are not unanimous in their decisions as to whether or not taking such a recognizance in open Court is a "matter of record" or is ministerial, and even where such power is conferred by statute upon a Judge of a Court.

In **Simpson vs. The Commonwealth, 1 Dana 523, (Court Appeals of Kentucky, year 1833)** it was held a demurrer to the scire facias should have been sustained as the scire facias did not show that the recognizance had been returned to the Court as required by law, and also because the criminal charge as alleged, did not appear in the recognizance.

In the case of **Hall et al vs. the State, 9 Ala. 827,** it was held the omission of a party's name in the body of a recognizance will not make it inoperative as to him, if he regularly acknowledges it. It likewise holds it is not indispensable to the validity of a recognizance which the recognizor has entered into before some Court or officer authorized to take his acknowledgment, that it should be sealed by him. It seems in this case therefore that the Court did not look upon a recognizance, even though written, as a bond insomuch as a seal was not required.

In the case of **Grigsby vs. State, 14 Tennessee Reports 355, Cooper's Edition, 6 Yeager 355, (year of 1834)** it does not appear that a recognizance was the same as a bond, for the record states that the sureties "came into Court and acknowledged themselves severally", etc. It seems that the sureties must have entered into an oral recognizance. (See pages 354 and 356-8.)

In 1830, in **People vs. Van Eps, 4 Wendell's Reports 387, (Supreme Court of New York)** it was held an action may be sustained in the Supreme Court upon a criminal recognizance taken in the Court of oyer and terminer and that the manner of collecting recognizances was left to the discretion of the district attorneys. That a recognizance must be filed, or made a record of a Court to sustain a suit and must be so averred

in the declaration, and also the default. In this case it is stated "the defendant came before" a Judge "and entered into a recognizance in the usual form" (p. 387) and the defendant "acknowledged himself to be indebted to the people", etc.

The case of **Longley vs. Vose, 27 Maine 179 (year 1847)** is an interesting one. The action was debt and the declaration was upon a recognizance. The Court said, at p. 187, "any attempt to show, that there is one general rule of law applicable alike to all these different kinds of recognizances, by which they are to be decided to have been all taken by a Court or magistrate acting ministerially or otherwise, or to have been matters of record or not matters of record before the tribunal or magistrate taking them, must lead to an erroneous conclusion. To avoid such a conclusion it is necessary to notice the different kinds or classes of recognizances, upon which some of the judicial decisions have been made". The Court then continues to discuss at length the various kinds of recognizances and decisions pertaining thereto.

One reason why there has been so much seeming conflict and confusion in other jurisdictions as to the law pertaining to recognizances is due, to a degree, because the words bail, bond and recognizance have been used without distinction as to their use and meaning; and because the law pertaining to a recognizance taken ministerially has been applied to one of record, and vice versa.

In 1874, a provision of a statute regarding bonds to be given on the issuing of writs of error was as follows:

"and the authority signing such writ shall take good and sufficient bond, with surety, that the plaintiff in error shall prosecute his suit to effect and answer all damages if he fail to make his plea good".

In **Ripley vs. The Merchant's National Bank, 41 Conn., 187 (year 1874)** concerning such a writ of error, the only entry upon the record of bond given on the writ and above the signature of the Clerk of the Court was "Bonds for prosecution given, and George C. Ripley recognized in the sufficient sum of $100 to prosecute". It appeared, however, that a bond with surety had been filed with the Clerk at the opening of the Court by the plaintiff in error. The case was argued

only upon the demurrer to the plea in abatement. The Court held the plea in abatement sufficient and said in part (p. 190), "We regard the statute as clearly requiring bond to be given with surety, on the issuing of the writ of error". A bond given by the plaintiff himself, without surety, is not sufficient. The Court said also:—

"If the record had been simply 'bonds for prosecution given', and no more, it would have been inferred that full and legal bond was given, and it would have been a sufficient memorandum of this, provided bond with surety had in fact been given. The question of fact is of course open".

The Court also said, "If some other person", other than the plaintiff, "had given bond it might perhaps have been enough". The Court stated there was a practice which would go to sustain the sufficiency of a bond so given but the Court did not decide the point.

The case of **Ripley vs. The Merchant's National Bank**, 41 Conn., 187, heretofore cited, was concerned with writs of error. The case of **Morse vs. Rankin 51 Conn., 326**, (year 1883) refers to a situation wherein the plaintiff is a non-resident who brings an action in this State; the decision reached in this case follows the same doctrine of law as enunciated in **Ripley vs. The Merchant's National Bank**. **Morse and Rankin (supra)** was determined under the statute as contained in the **Public Acts, or revision of 1875, Chapter One, Mesne Process, page 397, Section 3**; in the foot-note thereto are references, the reading thereof which will prove to be interestingly instructive. The present statute, **S. 5619 of 1930**, is substantially the same as in 1875, other than that in the present statute there is found the additional provision, as to a recognizance, "or some substantial inhabitant of this state shall enter into a recognizance to the adverse party". In other words, the provisions of the statute as of 1875 required the plaintiff, with some substantial inhabitant as surety, to enter into such a recognizance; today the plaintiff can do likewise, but it is further provided that the plaintiff is not required to enter if and when some substantial inhabitant enters into a recognizance. On the other hand the law of 1875 does not deprive the principles established by **Morse vs. Rankin** of full force and effect as of today. In that case the plaintiff was a

non-resident of the state; no bond was given when the writ was issued; the defendant pleaded that fact by a plea in abatement. The Superior Court, however, allowed the plaintiff to give bond in Court and then proceeded to hear the case. The plea in abatement was overruled by the Superior Court but the Supreme Court found error and reversed judgment, and sustained the plea.

The Court mentions the early case of **Hurd vs. Hull, 1 Root 505,** decided in 1793; also **Dee vs. Ely, 2 Root 11; Eno vs. Frisbie, 5 Day 122.** These cases had to do with a writ issued without the duty being paid and was therefore "void". The early Court said "the Statute is express and positive that no writ shall be valid unless the duty is paid and certified . . . ." The Court then states "the statute requiring duty to be paid was no more peremptory than is the one under consideration", referring to the non-resident plaintiff problem. In this case, **(Morse vs. Rankin),** the Court held that if the bond for prosecution was not given, the writ was of no validity, and that the defect could not be cured or made good by bond afterwards given in Court. The Court said, **51 Conn., 327,** "the authority signing the writ had no right to sign it until this requirement had been complied with . . . . though the defendant could have waived the defect by voluntarily appearing, and submitting to the jurisdiction of the Court". The Court held that "giving the bond after the writ is issued is not authorized, nor giving bonds even at the first term. The writ was then not amendable in this regard . . . .". This decision clearly indicates the view of the Supreme Court as to the necessity of a proper recognizance being taken prior to the issuance of the writ.

The case of **Gregory vs. Sherman, 44 Conn., 466 (year 1876),** involves a suit upon a recognizance, a certificate of which was annexed to a writ of replevin and signed by a magistrate, (a justice of the peace). The defendants claimed that the magistrate inserted their names without authority, and that he signed the certificate without intending to make a record of a recognizance. This litigation does not have to do with a bond or recognizance of the non-resident as a plaintiff bringing action in the Courts of this State. It does, however, in its decision, refer to the certificate (of recognizance) to be received as a matter of record and holds that the magistrate in taking it was acting in a ministerial capacity,

and a certificate of such a ministerial act, though it becomes a part of the record, is only prima facie evidence of the facts which it states, and that it was competent for the defendants to contradict it. This case is instructive, and particularly the foot-note attached thereto, as to how the Court considered the recognizance as a matter of record; or whether its taking was a ministerial or judicial act; whether the certificate is to be regarded as a record, or as legal evidence of an obligation on which the suit is brought. This case, however, and all others in matters of replevin, holds that "a bond or recognizance was required by statute, and without it, no writ could lawfully issue", p. 470. The Court also states, "a document or obligation so important, and upon which such consequences depend, should not exist merely in the recollection of the magistrate. Written evidence of its existence is, and should be required".

Again in the case of **Bradley vs. Vail, 48 Conn., 375,** the question is passed upon whether the recognizance is a matter of record, or is merely a certificate of an officer acting in a ministerial capacity. This case does not involve a non-resident plaintiff; there are, however, certain rules of law disclosed therein which are helpful in the present situation. Cases in this State hold that a recognizance must be entered into by a non-resident plaintiff prior to the issuance of the writ; the case of **Bradly vs. Vail** hold that it is no objection to a bond of recognizance that it was written out after suit was brought, by the Clerk of the Court who took it, from an entry made by him at the time on the .docket of the Court. It is enough that it was duly certified by the Clerk of the Court (Superior) in which it was taken and was in the proper custody when it was produced at the trial. The recognizance, of course, was actually taken by the Clerk at the proper time. At page 381, the Court says in part, referring to the recognizance:—

"Bonds of recognizance of this description are seldom, if ever, drawn up in form at the time they are taken".

The Court then proceeds to consider "brief notes or memoranda upon the docket", which is often times referred to in early times as "the minutes", or upon the files in which they are taken, and to draw them up in form at any times afterward when they are wanted for use as evidence. This is true in previous cases passed upon in other jurisdictions. But

in this case the recognizance was actually taken by the Clerk of the Superior Court, and thus in due time became a record of that Court. It was not merely the certificate of an officer acting in a ministerial capacity, as was in the case of **Gregory vs. Sherman, 44 Conn., 466,** heretofore referred to. In this case, it must not be forgotten the bond or recognizance was actually taken and made in due form and procedure, and was not a mere hollow entry on the docket or "minutes".

The case of **Lovejoy vs. Isbell, 70 Conn., 557,** was decided in 1898. The statute was then the same as of today. The magistrate issuing the writ accepted the recognizance of the American Surety Co. of New York, a corporation transacting business in this State as surety on obligations of persons, in pursuance of the laws thereof in lieu of the recognizance of a substantial inhabitant of this State. The Court considered the various statutes and hold that the acceptance of a bond or recognizance of the surety company for costs in a civil action begun by a non-resident was authorized. The Court stated (p. 559) "a recognizance is a bond in the strict sense of the word, and a statutory requirement to give bond with surety is satisfied by entering into a recognizance for that purpose." The Court further held that the relation of prin-cipal and surety existed between the plaintiff and the cor-poration. "It is the plaintiff that is required by law to give bond, . . . . the magistrate accepts the corporation as surety for the person who is by law required to give bond". The matter to be here noted is the fact that the Court said a recognizance is a bond in the strict sense of the word. In this case the Court traces the history of the statute as far back as 1650.

The case of **Miller vs. Cross, 73 Conn., 538,** was founded on an action for injunction. It should be noted that the plaintiff in this case was a resident of New Haven, as appears in the recognizance. The writ in this case was one of at-tachment and summons in the ordinary form, and contained the following memorandum: "Charles H. Miller, of New Haven, as principal, and Lewis Osterweis of New Haven, as surety, acknowledge themselves as jointly and severally bound to the defendant in the sum of $140.00 that the said principal and surety shall answer all damages in case the plaintiff shall fail to prosecute this action to effect".

The Court said a recognizance of this kind is an obligation of record, acknowledged before some Court or person duly authorized to take such acknowledgment, conditioned to do some particular act, and such a recognizance is a bond. · The Court refers to the fact that when a bond of presecution is taken, that fact may be "noted" in the writ in a prescribed but simple form of words, or in any form of words of like import. The Court held the memorandum as noted in the writ to be sufficient. "It thus appears, prima facie at least, from the writ itself, that a proper bond of prosecution was taken before the writ was issued", etc. It clearly appears from the decision as a whole that the Court was of the opinion a recognizance must be actually entered into prior to the issuance of the writ and that such a fact could be noted in the writ in a simple form. It is equally made clear in the case of **Vincent vs. The Mutual Reserve Fund Life Assoc., 75 Conn., 650.**

From a study of many cases of all jurisdictions it seems clear that a recognizance should be considered in a large measure by the same circumspection and test which is applied to a bond. Further a notation in the writ in words similar to "E. G. of . . . . is recognized in $ . . . . to prosecute", etc. is prima facie indication a proper recognizance was taken before the writ was issued; in other words such is only a notation of the fact; that a recognizance must actually be entered into prior to the issuance of the writ although it may be noted in the writ in a simple form. Such a recognizance should not exist merely in the recollection of the principal, surety or the subscribing authority; any one of the three might not be alive when redress was sought. It should be in writing, signed and sealed,—and furthermore acknowledged for the sake of safety.

The Plea in Abatement is sustained.

Judgment for the defendant to recover costs.