THE CONTINENTAL LIFE INSURANCE COMPANY *vs.* ABBIE H. BARBER AND ANOTHER, EXECUTORS.

To discharge a surety by giving time to the principal, the creditor must have put it out of his power for the time to proceed against the principal.

A note of $8,000, which was indorsed by *B* for the accommodation of the maker, with waiver of notice, fell due and was not paid. The maker

soon after paid $4,000, and gave his note on demand for $4,000, payable to the order of the holder of the original note, with interest payable semi-annually, and secured it by a mortgage, the indorser having no knowledge of the transaction. This note and mortgage the holder accepted as additional security for the balance of the original note. Held not to discharge the indorser.

The facts that the collateral note was secured by a mortgage, and that it was on interest payable semi-annually, did not affect the case. There still existed the right to sue at any time on the original note.

Where an indorsement is made with "notice of protest waived," it is a waiver of notice of non-payment.

The statute of limitations bars a suit upon a promissory note unless brought within six years. Another statute requires that a suit be brought by a creditor of a solvent estate within four months after a refusal of payment by the executor or administrator. A note was presented to the executors of a deceased person, the estate being solvent, within six months limited by the probate court for the presentation of claims, and on refusal of payment by the executors suit was brought against them upon it within four months after such refusal. At this time more than six years had elapsed since the right of action first accrued. Held that the suit was not barred.

ACTION upon a promissory note ; brought to the Superior Court in Hartford County. The defendants pleaded the statute of limitations, and that the indorser (of whom they were executors) had been discharged by time given the maker. The case was tried to the court before *Hovey, J.* Facts found and judgment rendered for the plaintiffs. The defendants appealed. The case is sufficiently stated in the opinion.

*T. M. Maltbie,* for the plaintiffs.

*G. G. Sill,* for the defendants.

CARPENTER, J. This is an action against the executors of the estate of the late Gardner P. Barber, deceased, who, when in life, indorsed a note for $8,000. The Superior Court found the facts and rendered judgment for the plaintiff. The defendants appealed. The record presents three questions.

1. Was the indorser discharged by the act of the plaintiff? The note fell due July 20th, 1874. On the 22d of October,

1874, the maker paid $4,000, which was duly indorsed on the note. In December following, being urged to pay the balance, and not being able to do so, he executed another note for the sum of $4,000, payable to the order of the plaintiff, on demand with interest semi-annually, and executed a mortgage of certain real estate to secure the payment thereof; and, having caused the same to be recorded, delivered it with the note to the plaintiff, without the knowledge of Barber. The plaintiff accepted the note and mortgage as additional security, but not in payment or satisfaction of the original note or any part thereof.

The claim is that the legal effect of accepting the note and mortgage was to give time to the maker of the note for $8,000, and so discharge the indorser.

The law is well settled, hardly requiring repetition, much less the citation of authorities, that in order to discharge the indorser by giving time to the maker there must be a contract to that effect, express or implied; that is, the holder must have put it out of his power for the time being to proceed against the maker. The indorser cannot be deprived of the right, even for a short time, to pay the holder and proceed forthwith against the maker for his indemnity. The holder may not, during the time for which he has agreed to extend credit, bring a suit, for that would be a breach of his contract. He may not accept payment from the indorser and thereby subject the maker to an immediate suit by the indorser, for that would violate, if not the letter, certainly the spirit of his contract. Hence such a contract operates to discharge the indorser.

But here is no express contract, and we think none can be implied. It is expressly found that the second note was taken as additional security for the balance due on the original note and not in satisfaction of it nor as a substitute for it. Both notes were liable to be sued at any time, the one being overdue and the other on demand. Of course the indorser could have paid the first note and could at once have brought a suit against the maker. He was also entitled to the additional security, and could at once have

brought a suit on that note, and could also have proceeded to foreclose the mortgage. Instead of being prejudiced by the transaction it was, in theory at least, a benefit to him.

The only features of the transaction which give any color to the defendants' claim are the facts that the collateral note, although on demand, was on interest payable semi-annually, and was secured by a mortgage; and it is urged with considerable force that these circumstances indicate an understanding between the parties that that note was to run at least for six months. They certainly indicate that the parties contemplated that it might run six months, but that possibility does not change the character of the note and convert it from a note payable on demand to a note payable on time. It was still a note due presently, and might be sued at once by the payee, and the indorser of the prior note might at any moment have placed himself in a position to sue it.

The supposed analogy to notes ordinarily taken by savings banks, insurance companies, &c., does not hold good. The object in those cases is to loan money, to make investments; the object here was to give additional security to a loan previously made and long since overdue, and which, we may add, was of a doubtful character. In the former cases the payee contemplates a present loan of money to continue for an indefinite time in the future; in the latter he is endeavoring to collect a loan previously made. It may be a breach of fair dealing to attempt to collect a note of the former description at once, but it by no means follows that it would be such a breach to attempt to collect one of the latter description. Moreover, the very object of making a note payable on demand is that the holder may collect it at any time if he sees good reason for doing so; and, legally speaking, he is the sole judge of the sufficiency of the reason; and that applies to the notes referred to as well as to the note in this case; so that the analogy, even if it exists, or so far as it does exist, does not avail the defendants.

2. The defendants' intestate, when he indorsed the note, wrote over his signature the following words—" Notice of

protest waived." The defendants contend that the waiver does not dispense with presentment for payment and a demand therefor. This may be conceded for the purposes of this case, for the court below has found that when the note became due " it was presented for payment at the office of the plaintiffs in Hartford, where the same was payable, and payment was then and there required and refused."

The claim that the indorser, notwithstanding the waiver, was entitled to notice of non-payment, cannot be sustained. A protest, being evidence of presentment for payment and a demand and refusal, in mercantile language stands for the thing which it proves; so that when notice of protest is waived notice of that which a protest signifies is waived.

3. It is insisted that the plaintiffs' claim is barred by the statute of limitations. Within six years after the right of action accrued the indorser died. The court of probate, pursuant to the statute, allowed six months for the presentation of claims. Within that time this claim was presented. Another statute requires a creditor to commence a suit against the estate within four months after notice that his claim is disallowed. This suit was commenced within that time, but when it was commenced more than six years had elapsed from the time the right of action first accrued.

We think the claim is not barred. The statutes relating to the settlement of estates were manifestly designed to put all claims upon an equal footing. Their practical effect is to bar some claims in a much less time than the general statute does, and in other cases, as in this case, the time may be somewhat extended. The extension of time however can do no injustice, and is not a sufficient reason for having different claims against the same estate governed by different statutes. It is much better that the same statute and the same principles should govern all alike.

This question was determined by this court adversely to the defendants in *Bradley* v. *Vail*, 48 Conn., 375. We refer to the reasons there given without repeating them here.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.