Spear, C. J.
The answer and demurrer thereto present for consideration the question which of two statutes of limitations applies to the case, section 6113 or 6097, of the Revised Statutes. Provisions of those sections pertinent to the case are:
“Sec. 6113. (Limitations of actions by creditors.) No executor or administrator, after having given notice of his appointment, as provided in this chapter, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within two years from the time of his giving bond as aforesaid, excepting in the cases hereinafter mentioned.”
“Sec. 6097. (When claim barred, if not sued within six months after its rejection; what shall be deemed a rejection of a claim.) If a claim against the estate of any deceased person be exhibited to the executor or administrator, before the estate is represented insolvent, and be disputed or rejected by him, and the same shall not have been referred, the claimant shall, within six months after such dispute or rejection', if the debt, or any part thereof, be then due, or within six months *142 after some part thereof shall have become due, commence a suit for the recovery thereof, or be-forever barred from maintaining any action thereon; and no action shall be maintained thereon after the said period, by any other person deriving title thereto from such claimant.”
That is to say, is the case at bar ruled by the statute providing for a two year limitation after qualification by the administrator, (section 6113), or by the six months limitation prescribed after the claim has been rejected? The courts below applied the two year limitation. Counsel for plaintiff in error contend that this construction is erroneous, their claim being that, notwithstanding the limitation of two years prescribed by section 6113, a creditor is entitled to the benefit of the six months allowed by section 6097 for bringing an action upon a rejected claim after date of rejection where such claim is presented to the administrator within the period of two years from the time of his giving bond. In support of this contention they further claim that sections 6097 and 6113 are remedial and should be liberally construed; that, being part of the same system of legislation, they must be construed together, and that section 6113 provides only a general limitation for actions against an estate whereas section 6097 being of a special nature and providing for actions against an estate on claims which have been rejected by the administrator, the later, section' controls. If these premises were all admitted the conclusion of course would not necessarily follow, for the ■intent and purpose of the general assembly in enacting the legislation would remain to be ascer *143 tained, and this from a consideration, not only of the sections cited but of the entire legislation which bears upon the subject, the inquiry to be approached with a purpose of ascertaining its spirit and of giving effect to all its parts, and of avoiding, if possible, conflict between the several provisions. After such consideration we find ourselves unable to agree with the conclusion of the learned counsel.
It cannot, we think, be doubted that the general trend of legislation shows the purpose of the acts bearing upon the matter of settling the estates of deceased persons is to effect as speedy a settlement of them as is consistent with the careful discharge of duty by the administrator and fairness to the creditor. This purpose is disclosed in section 6113 as it now stands. Formerly, and until the act of April 8, 1898, (93 O. L., 91), the limitation was four years. That act reduced it to two years, as given in the extract from the section hereinbefore quoted. Indicating a like purpose is the amendment of section 440, Revised Statutes, May 9, 1902, (95 O. L., 446), providing that the supreme court may advance for early hearing out of their order on the docket “cases involving controversies or questions arising' in the administration, under the laws of Ohio, of the estate of any deceased person.” Other provisions of statute indicating like policy might be specially cited, but we deem it unnecessary.
Like construction of our statutes has been given by this court in a number of cases cited by counsel, notably in Harter v. Taggart, 14 Ohio St., 122, where it is observed by Peck, J., that “the *144 general policy is, undoubtedly, to effect a speedy settlement of the estates of deceased persons at the least possible expense,” adding language pertinent to the present case, that “this obvious policy would be in part defeated if, as is contended, the holder of a doubtful claim cannot be compelled to sue and test its legal validity — -if he abstains from demanding an indorsement of allowance, he may delay until the last hour, and then, when all else is ready for final distribution, he may institute legal proceedings and delay it indefinitely. * * * A construction which carries with it such consequences illy accords with the obvious policy of the statute.”
The same rule of construction is held by Granger, J., in Jones v. Jones, 41 Ohio St., 420, (decided before the passage of the act of April 8, 1898), to this effect: “Considering the controlling importance of a prompt settlement of the estate of a decedent, so that his creditors may be paid, and the shares of his heirs or legatees ascertained and distributed, the provisions that claimants against the estate shall prosecute their claims within so many months, or years, stand upon a footing somewhat different from the ordinary statute of limitations. * * * Such provisions should be construed in furtherance of the main purpose and intent of the entire statute. It is plain that the general assembly considered that four years, computed from the moment when the law created a responsible representative of the decedent, competent to allow or reject claims, and liable to suit upon rejected claims, was as much time as ought to be allowed for any ordinary cred *145 itor to delay the distribution of an estate. This time is clearly defined as four years. Of course this four years ought not to begin to run until the law has completed the creation of a responsible representative of the decedent.” Judge Rockel, in his excellent work on Probate Practice, pages 473 and 530, treats intelligently upon the subject, and to like import.
While the general subject of limitations of actions by creditors against administrators has been involved in a number of cases decided by this court, the precise question on similar facts has not been presented so far as we are aware in any reported case. It is, however, insisted by counsel for plaintiff in error that the question at bar has been directly decided in Speidel v. Phillips, 78 Ohio St., 194, and an extract from the opinion is relied upon in support of the statement. This proposition loses sight of the essential and controlling fact, distinguishing that case from the one at bar, viz: that the claim sued upon had once been allowed by the administrator, while in the case at bar the only action of the administrator upon it was a rejection, and of course it must follow that the language of the opinion should be understood as applying to the case then before the court and not to an essentially different case; so that what is said has reference to the claim of a creditor whose claim has once been allowed, such allowance having suspended the operation of the two year statute, and not necessarily or reasonably to a claim that had never been allowed.
Counsels’ construction of the two sections would permit a creditor whose claim had been rejected *146 two years and six months in which to bring action instead of two years as section 6113 distinctly provides, thus subordinating the provision of section 6113 to the provision of section 6097 and rendering the two inconsistent, and in reality annulling the former section, whereas they are not necessarily inconsistent, but, applying to the situation the well recognized rule that it is the duty of courts in construing statutes to give effect to all the provisions of a statute where that can reasonably be done, the sections cited can be harmonized and full effect given to both. No reason has been given, or can be, we think, why a creditor should be permitted to override the two year limit and delay the settlement of the estate six months simply by putting off the presentation of his claim. Taking the two sections together we are clearly of the opinion that the natural and proper construction and the one consistent with the general legislation on the subject of the settlement of estates, requires the creditor whose claim has not been allowed but has been rejected to sue within two years from date when suit might have been brought as well as within six months from the date of rejection. This construction gives effect to both sections; the opposite construction wholly overrides one.
These views 'are believed to be entirely consistent with all the Ohio cases on the general subject of limitations of actions by creditors of deceased persons, and to harmonize with statutory direction as to the duty of administrators in the regular sequence of steps in the settlement of estates as shown specially by sections 6108, 6109, *147 6110, these being followed by the section under consideration (6113), which prescribes in direct terms that the administrator shall not be held to answer unless the suit be commenced within two years from the time of his giving bond.
Attention is called by counsel for plaintiff in error to the case of Bradley v. Vail, 48 Conn., 375, and to Con. Life Ins. Co. v. Barber, 50 Conn., 567, as sustaining their contention. There appears to be some support afforded counsels’ claim by the holding in those cases, but neither is precisely analogous to our case and we cannot see that the doctrine of either should be considered as determinative of the question under review. Those cases involve a consideration of the effect of general statutes of limitation upon special provisions bearing on the subject of the settlement of the estates of deceased persons; our case involves construction of statutes of limitation applying only to the settlement of the estates of deceased persons.
These conclusions require an affirmance of the judgments of the courts below.

Affirmed.

Davis, Sháuck, Price and Johnson, JJ., concur.