HAWLEY BRADLEY *vs.* JOHN D. VAIL, ADMINISTRATOR.

It is no objection to a bond of recognizance when offered in evidence in a suit upon it, that it was written out after the suit was brought, by the clerk of the court who took it, from an entry made by him at the time on the docket of the court.

Such a document is a record of the court and imports verity. It is also a complete record in itself and not a part of the record of the judgment.

And as it imports verity, evidence is not admissible on the part of the defendant in a suit upon it, of a variance between the bond as extended and the original entry on the docket.

It is enough that it was duly certified by the clerk of the court in which it was taken and was in the proper custody when it was produced at the trial.

The statute with regard to civil actions (Gen Statutes, tit. 19, ch. 18, sec. 11,) provides that no suit shall be brought against a surety on a bond for costs unless within one year after final judgment in the action in which the bond was given. The statute with regard to the estates of deceased persons (Gen. Statutes, tit. 18, ch. 11, sec. 4,) provides that courts of probate shall allow not less than six nor more than eighteen months for creditors to present claims against an estate. A surety on a bond for costs died within one year after final judgment in the action and before suit was brought on the bond. Held that the former statute was superseded in its application to the case by the latter, and that the claimant had all the time allowed other creditors for presenting his claim.

It is provided by Gen. Statutes, tit. 18, ch. 11, sec. 6, that when a creditor of an estate not represented insolvent shall present his claim to the executor or administrator within the time limited by the court of probate, and he shall "disallow and refuse to pay it," the claim shall be barred unless the creditor shall bring suit "within four months after he has been notified by him that his claim is disallowed." Held that the disallowance and notice of it to the creditor are to be in terms so unequivocal that he may know with certainty when his claim, if not sued, will be barred.

In a suit on such a claim the defence that it is barred by a failure to sue within four months after disallowance and notice, cannot be made under the general issue without notice.

The plaintiff in a suit against the administrator of the estate of a surety on a bond for costs took out execution for the amount of the costs, requested the surety, then living, to pay the amount, which he neglected to do, and a year after his death had demand made upon the principal on a renewed execution which was returned unsatisfied. Held that it was not his duty to have taken other proceedings for the collection of the amount of the principal, nor to have given notice to the surety in his lifetime or to the defendant as his administrator that he was not able to collect the amount from the principal; and that the plaintiff was entitled to recover in the absence of proof (under a statute then in force but omitted from the later revision) that the costs could have been recovered out of the estate of the principal.

DEBT on a bond of recognizance for costs; brought to the Court of Common Pleas of Fairfield County, and tried to the jury on the general issue before *Hall, J.* Verdict for the plaintiff, and motion for a new trial by the defendant for errors in the rulings and charge of the court. The case is fully stated in the opinion.

*H. W. Taylor*, with whom was *W. F. Taylor*, in support of the motion.

1. The contract sued upon is one of record, and must be proved by a record. 1 Swift Dig., 376; *Starr* v. *Lyon*, 5 Conn., 540; *Town of N. Haven* v. *Rogers*, 32 id., 224; *Gregory* v. *Sherman*, 44 id., 470. The memorandum from which the document offered in evidence was made was *not* a record, it was a mere note to *aid* the clerk in perfecting his records. *Weed* v. *Weed*, 25 Conn., 344. It could have been drawn up by the clerk from his memorandum only at the term at which it was made, except by an express order of the court for that purpose. 1 Swift Dig., 785; *Wilkie* v. *Hall*, 15 Conn., 37. The recognizance was entered into by the intestate on September 18th, 1871; the present action was brought May 1st, 1879—more than eight years afterwards; and the record was not perfected till after the suit was brought.

2. If we admit that the certificate as originally drawn was a proper and legal one, still the plaintiff would have failed to prove his case, as there was a variance between his declaration and evidence. The record shows that the clerk erased the word *Brookfield* and inserted the word *Bethel* on learning that the certificate had misdescribed Osborne's residence. A record cannot be made up, altered, and perfected from mere recollection with no written memoranda to aid. *Waldo* v. *Spencer*, 4 Conn., 71; 1 Smith's Lead. Cas., (Am. ed.,) 801. Courts will not allow records to be amended without written notes, especially after years have passed. *Thatcher* v. *Miller*, 13 Mass., 270. To allow a record to be so made up and altered would violate first pinciples. It would subject our public records to continual mutilation, and affect rights which had become ascertained and vested by the most certain of all evidence—a public record.

3. A record can only be proved, either by the entire original, or by a certified copy of the whole. 1 Swift Dig., 750; 1 Greenl. Ev., § 500; Freeman on Judgments, § 412. The plaintiff neither introduced the entire original record, nor a certified copy of it, in which any mention of a bond of recognizance appeared, as was claimed by the defendant to be necessary.

4. It was a question of fact for the jury to find, whether there had been a refusal to pay the claim by the defendant, and whether the present suit was instituted within four months thereafter. It was not necessary for the defendant to prove a disallowance and refusal in terms. A refusal is the act of declining to do something. Bouvier's Law Dict., *Refusal*. It was sufficient if by his conduct and the general import of his language he had given notice of a disallowance. The defendant claims that he so refused, both by his conduct and words, and it was error in the court to usurp the functions of the jury, pass upon the question of fact and the weight of evidence thereon himself, and withdraw it from the consideration of the jury. *Occum Co.* v. *Sprague Manf. Co.*, 34 Conn., 530; *Wilson* v. *Waltersville School District*, 46 id., 400.

5. The court erred in refusing to charge the jury as requested by the defendant, that by the Revised Statutes, p. 495, sec. 11, an action on the recognizance could only be brought within one year from October 22d, 1877, and that the death of Martin K. Osborne did not alter the duty of the plaintiff in that respect; and that the defendant as administrator has the same right to require suit to be commenced within one year from that date that Martin K. Osborne would have had if he had lived. After the statute had once begun to run in favor of Martin K. Osborne, his death could work no advantage to the plaintiff nor affect the defendant's rights.

6. The court also erred in refusing to charge as requested by the defendant, that the plaintiff could not recover unless within one year after the 22d of October, 1877, he had attempted to collect the amount of the costs from Henry B. Osborne by proceedings other than such as were claimed to have been proved by the plaintiff on the trial; and that notice should have been given by the plaintiff either to Martin K. Osborne in his lifetime or to the defendant since his decease, of the plaintiff's inability to collect the same of Henry B. Osborne. It was a necessary preliminary to fix the liability of Martin K. Osborne as a bondsman that a

demand on the execution should have been made upon Henry B. Osborne within the life of the execution or its renewal, prior to any demand made upon Martin K. Osborne, (if living, or his representative after his decease,) as his bondsman. *Dutton* v. *Tracy,* 4 Conn., 365. The finding shows that the only demand made upon Henry B. Osborne was in April, 1879—a period of more than eighteen months after the cause of action accrued, and about one year after the death of Martin K. Osborne; and no notice of the demand upon Henry B. Osborne was ever given to the defendant as administrator. These facts show that no liability was fixed on Martin K. Osborne in his lifetime, or on the defendant since his decease.

*S. Tweedy,* and *A. H. Averill,* contra.

HOVEY, J. This was an action of debt upon a bond of recognizance alleged to have been entered into by Martin K. Osborne, the defendant's intestate, before the Superior Court for Fairfield County, for the prosecution of an action in that court, in which one Henry B. Osborne was plaintiff and the present plaintiff was defendant. The cause was tried to the jury in the Court of Common Pleas upon the plea of the general issue, and a verdict was rendered in favor of the plaintiff. Upon the trial the plaintiff offered in evidence a document signed by the assistant clerk of the Superior Court for Fairfield County, and sealed with the seal of that court, of which the following is a copy:

"At a Superior Court holden at Danbury, within and for the county of Fairfield, on the 4th Tuesday of August, 1871.

"Henry B. Osborne *vs.* Hawley Bradley.

"Personally appeared before said court on the 18th day of September, 1871, Martin K. Osborne, of Bethel in said county, and acknowledged himself bound and indebted to Hawley Bradley, the above named defendant, and the adverse party, in a bond of recognizance, in the sum of one hundred and fifty dollars, conditioned that the above named Henry B. Osborne shall prosecute his said action against Hawley

Bradley to effect and answer all damages in case he fail to make his plea good."

In connection with this document the plaintiff offered in evidence the docket of the Superior Court for Fairfield County, August term, 1871, in which the action of Henry B. Osborne against Hawley Bradley was entered, containing a memorandum of an order of the court for a bond for prosecution therein, and also a memorandum made by the assistant clerk of the court in the following form: "Martin K. Osborne, of Brookfield, gave bonds pros. $150, Sept. 18th."

The plaintiff also offered the testimony of the assistant clerk to prove that the Martin K. Osborne who entered into the recognizance aforesaid was the person referred to by that name in the present suit; that the memoranda on the docket were made by the witness at the time the recognizance was taken; that from the memoranda so made the witness drew up the document hereinbefore recited immediately after the present suit was commenced, and that afterwards he erased the word "Brookfield" and inserted the word "Bethel," on learning that he had incorrectly described the said Martin K. Osborne's residence.

The defendant objected to all the evidence so offered, but the objection was overruled by the court. And the defendant believing that the evidence should have been excluded and that the court erred in charging the jury, brings the questions before this court upon a motion for a new trial.

The first question presented by the motion is, whether the document offered in evidence by the plaintiff was properly admitted by the court. The defendant contends that it was inadmissible, because, he claims, first, that it was not a record; second, that it was made after the commencement of the present suit; third, that it had been materially altered, and was contradictory of the entry upon the docket; and fourth, that it was admissible only in connection with the entire record in the cause. But neither of these objections can be sustained. The document referred to was in the form

of an original record of the recognizance declared upon by the plaintiff, and, being duly certified by the assistant clerk of the Superior Court who took it, and in the proper custody when it was produced at the trial, must be regarded as a record of that court, and was admissible in evidence as such. The fact that it was not drawn up until the present action was commenced did not affect its validity. Bonds of recognizance of this description are seldom, if ever, drawn up in form at the time they are taken. As they are not contracts executed by the parties, it has always been deemed sufficient, when they are acknowledged before a court of record, for the clerk of the court or his assistant to make brief notes or memoranda upon the docket or upon the files in the cases in which they are taken, and from such notes or memoranda to draw them up in form at any time afterwards when they are wanted for use as evidence. But when drawn up, and certified by the clerk or his assistant and filed, they become matters of record, by relation, from the time they were taken and acknowledged, though not entered in the book in which judgments of the court are recorded. Dalt., c. 168; 4 Burn's Inst., 96; 2 Saund. Rep., 72, note 2. The document in question, being thus shown to be a record of the Superior Court, and not merely the certificate of an officer acting in a ministerial capacity, as was the case in *Gregory* v. *Sherman*, 44 Conn., 466, imported absolute verity, and was conclusive evidence of its own truth. It was not, therefore, competent for the defendant in the Court of Common Pleas to question the propriety or legality of the alteration made in the recognizance as first drawn up, nor for that court to falsify the record, and, for that purpose, to look at a variance between the recognizance as finally drawn up and perfected and the memorandum of it as entered upon the docket of the Superior Court. Co. Litt., 117 b, 260 a; 1 Roll. Abr., 757; Com. Dig., *Record A;* 3 Bla. Comm., 24, 231; *Dickson* v. *Fisher*, 1 W. Black. Rep., 664.

It is a sufficient answer to the remaining objection of the defendant to the admission of the document referred to, that the record of a recognizance for prosecution forms no part of

the record of the judgment in the cause in which it is taken, but constitutes in itself a complete record. If it formed a part of the record of the judgment, a writ of error brought to reverse the judgment would be fatally defective if it did not contain a transcript of the recognizance as well as a transcript of the declaration, subsequent pleadings and judgment. Yet it can be safely asserted that no writ of error was ever brought in this state which contained a transcript of the recognizance for prosecution taken in the action in which the judgment was rendered.

This disposition of the objection to the admission of the record of the recognizance renders a consideration of the objection to the admission of the copy of the record of the judgment in the cause in which the recognizance was taken unnecessary. The record of the judgment and the record of the recognizance being two distinct records, the one might properly be proved by the record itself, and the other by the copy offered in evidence. The copy, therefore, was properly admitted.

Whether the docket of the Superior Court was admissible in evidence for the purpose for which it was offered or for any other purpose, is a question of no importance, because its admission could in no way have operated to the injury or prejudice of the defendant. Upon well-settled principles, therefore, the admission of the docket, if erroneous, furnishes no ground for a new trial. *Beers* v. *Broome*, 4 Conn., 255; *Fitch* v. *Chapman*, 10 id., 13; *Bush* v. *Keeler*, 34 id., 500; *Redfield* v. *Buck*, 35 id., 336; *Scofield* v. *Lockwood*, id., 429.

The objection to the testimony of Mr. Booth, the assistant clerk of the Superior Court, having been taken apparently under a mistaken impression of the purpose for which the testimony was offered, was not in the argument insisted upon. The testimony was offered for the purpose of establishing, among other things, the identity of the party giving the recognizance declared upon; and for that purpose it was clearly admissible.

The next objection is founded upon a supposed error in the charge to the jury upon the question whether the present

action was seasonably commenced. It is provided by statute that no action shall be brought against the surety on any bond for costs only or recognizance for costs in any civil action, except within one year after final judgment has been rendered in the suit in which such bond or recognizance was given. Gen. Stat., tit. 19, ch. 18, § 11. In the suit in which the recognizance declared upon in this case was given, judgment was rendered by the Superior Court in favor of the present plaintiff for his costs in 1875, and the judgment was affirmed on error by this court on the 22d of October, 1877. Martin K. Osborne, the recognizor, died on the 10th of April, 1878. The defendant was appointed administrator of his estate on the 20th of the same month, and on the same day accepted the trust and became qualified to act. Six months from April 20th, 1878, were limited and allowed by the court of probate for the exhibition of claims against the estate; and the plaintiff exhibited his claim to the defendant on the 16th of September, 1878. On the 12th of May, 1879, (the claim then remaining unpaid,) the present action was commenced.

The defendant claimed, and requested the court to charge the jury, that by the statute the action could be commenced only within one year from the 22d of October, 1877; that the death of Martin K. Osborne did not alter the plaintiff's duty in that respect; and that the defendant had the same right to require the action to be commenced within a year from the day named as Osborne would have had if he had continued in life. The court properly declined so to charge, and instructed the jury that Osborne having died within a year after the 22d of October, 1877, and the plaintiff having presented his claim to the defendant as his administrator within that period, and within the time limited by the court of probate, was not required by the statute to sue within one year after his right of action first accrued. This instruction seems to have been founded in part upon the idea that the plaintiff's right of action would have been barred if he had not presented his claim to the defendant for allowance within one year after the judgment in the original action was

affirmed; and to that extent it was erroneous. In all other respects it was unexceptionable; and as it led the jury to a correct result, the defendant has no cause to complain of it.

The statute of limitations, although it commenced running in the life-time of Martin K. Osborne, was arrested in its course by his death. Upon the appointment of the defendant as administrator of the estate of the deceased and his acceptance of the trust and becoming qualified to act, that statute was superseded by the statutes relating to the settlement of intestate estates; and under the provisions of those statutes the right of the plaintiff to sue the defendant would not have been barred if he had presented his claim to the defendant at any time within the period limited by the court of probate for that purpose, (whether the period limited had been six, twelve, or eighteen months,) although more than one year might then have elapsed after his right first accrued. 1 Swift Dig., 307; Gen. Stat., tit. 18, ch. 11, §§ 4, 5, 6, p. 388.

The defendant further requested the court to charge the jury that the plaintiff could not recover unless within one year he had attempted to collect the costs recovered by him in the action in which the recognizance declared upon was given, from Henry B. Osborne, the plaintiff in that action, by proceedings other than those which were proved at the trial, and that notice should have been given by the plaintiff either to the defendant's intestate in his life-time or to the defendant since his death, of his inability to collect the same from the said Henry B. Osborne. There is no statute, and we know of no rule of law or practice, which entitled the defendant to the instructions embodied in this request. The plaintiff proved at the trial that he took out execution for the costs in November, 1877; that the defendant's intestate was requested but failed to pay them in the month of December next following; that the execution was renewed in April, 1879, and, after demand made thereon of the said Henry B. Osborne, was returned unsatisfied. These proceedings, and others disclosed by the motion, established the truth of the allegations contained in the plaintiff's declaration;

and that was sufficient to entitle the plaintiff to recover, in the absence of proof, under a statute then in force but omitted from the revision of 1875, that the costs could have been had out of the said Henry B. Osborne's estate. Gen. Stat., Rev. 1866, tit. 1, § 198, p. 41; *Mix* v. *Page*, 14 Conn., 329.

In the argument of the cause to the jury counsel for the defendant, while disclaiming any express refusal by their client to pay the plaintiff's claim, insisted that his conduct and treatment of the claim—he having in conversations with the plaintiff's attorney "made no promise to pay, and thereby made no move towards paying the same"—were, in effect, a refusal to pay it, and that the present action having been commenced more than four months after such refusal, the plaintiff could not recover. It is provided in the sixth section of chapter 11, title 18, of the General Statutes, that "when the creditor of an estate not represented insolvent shall present his claim to the executor or administrator within the time limited by the court of probate or by any of the provisions of the preceding section, and he shall disallow and refuse to pay it, if such creditor shall not, within four months after he has been notified by him that his claim is disallowed, commence a suit against him for the recovery thereof, he shall be debarred of his claim against such estate." The defendant therefore had the power, at any time he chose, to bring the plaintiff's claim within the operation of this statute. But there was only one way for him to do it, and that was, not by remaining silent and omitting to promise payment of the claim or even by unreasonably delaying payment—for from neither of those circumstances could a refusal to pay be implied—but by disallowing and refusing to pay the claim, and giving notice to the plaintiff of such disallowance in terms so unequivocal that he might know with certainty when his claim if not sued would be barred. Nothing short of this would have satisfied the requirements of the statute. But the defendant himself testified that he had at no time refused to pay the claim or given notice to the plaintiff that he had disallowed it, and in the course of his cross-examination he repeated the testimony

several times; though in reply to an inquiry by his own counsel he stated that he considered it "a refusal when he made no move to pay the claim." This testimony left the argument of the defendant's counsel without any substantial basis, and warranted the statement of the court to the jury that there was no evidence whatever that the defendant had disallowed or refused to pay the plaintiff's claim. It should perhaps be added, as the point was made by the plaintiff, that if the evidence offered at the trial had tended in any degree to prove such disallowance and refusal, and had been offered for the purpose of barring the plaintiff's claim, it must, upon objection to its admission by the plaintiff, have been excluded, upon the ground that it was not admissible under the plea of the general issue, without notice that it would be relied upon as one of the defences to the suit.

For these reasons a new trial is not advised.

In this opinion the other judges concurred.