EDWARD V. CAULFIELD *vs.* ALFRED W. GREEN, ADMINISTRATOR.

73  321
75  408

First Judicial District, Hartford, October Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The written notice of disallowance and refusal to pay a claim presented to the executor or administrator of a solvent estate, authorized by § 583 of the General Statutes, must be expressed in unequivocal terms.

An administrator wrote to a creditor that he was not yet ready to settle the estate, or to pay his or any other claim, and that he should not further consider such claim until he had seen and talked with the claimant. *Held* that this was not a disallowance of the claim within the meaning of § 583 of the General Statutes.

Under the common law of this State a suit may be commenced against the executor or administrator of an estate not represented insolvent, at any time after due presentation of the claim. There is no statutory restriction by which a suit, commenced subsequent to the time limited for presentation of claims, can be held to be prematurely brought.

Argued October 4th—decided November 1st, 1900.

VOL. LXXIII—21.

Caulfield v. Green.

ACTION to recover a balance claimed to be due for a piano sold by the plaintiff, brought originally before a justice of the peace and thence by the defendant's appeal to the Court of Common Pleas in Hartford County and tried to the court, *Case, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *Error and cause remanded.*

The complaint alleged the sale and delivery of a piano by the plaintiff to Brooks M. Lincoln, the defendant's intestate, and that by the terms of the sale a balance of $50 was due the plaintiff at the death of said Lincoln. This claim was duly presented to his administrator, and the suit was brought after the expiration of the time limited for the presentation of claims.

The answer denied the sale, and that the balance had accrued at the date of Lincoln's death; and further alleged that the defendant had never refused to pay the plaintiff's claim, and that the time limited for the settlement of the estate had not expired.

The trial court rendered judgment for the defendant, on the ground that unless the administrator had notified the plaintiff of his disallowance of and refusal to pay the claim (under the provisions of § 583 of General Statutes), the suit was prematurely brought; and that the fact of notice of such refusal had not been proved. The facts upon which the court reached this conclusion are stated in the finding as follows :—

"4. On November 21st, 1898, the plaintiff by his attorney wrote as follows to the defendant : 'Do you or do you not intend to pay the fifty dollar claim in favor of E. V. Caulfield against the estate of Brooks M. Lincoln? Please let me know about this matter, and oblige.' And not receiving a reply thereto, again wrote by his attorney on November 25th, 1898, as follows: 'That matter of Mr. Caulfield's has been left with me for settlement. I wish to know whether or not you will pay the amount due. You can send me a check and I will send you Mr. Caulfield's receipt. Of course, upon your refusal to pay, I will have no other alternative but to bring suit.' 5. The defendant upon said last named day re-

plied by letter as follows: 'Replying to yours of even date, I am not ready to settle the estate of Brooks M. Lincoln, your client's claim or any other, and shall not further consider Mr. Caulfield's claim until I have seen and talked with him.' 6. Other than as appears in the letter last quoted, the defendant has never refused to pay said claim, and at the time said letter was written intended further investigation and inquiry before passing upon its merits. 7. No further correspondence or communication of any kind passed between the parties, but on the 30th day of November, 1898, this action was commenced by the plaintiff. 8. Upon these facts the plaintiff claimed that his action was properly brought within the year allowed for the settlement of the estate, but the court held that there had been no such action by the administrator at the time this suit was brought as gave the plaintiff any right of action against him within said year, and so rendered judgment for the defendant upon that issue, without passing upon the merits of the claim sued upon."

The errors claimed by the plaintiff in his appeal are: First, that the court erred in its conclusion, from the facts found, that the defendant had not given the plaintiff notice that he disallowed and refused to pay his claim; second, that the court erred in holding that if such notice had not been given, the suit was prematurely brought, because the time limited for settlement of the estate had not expired.

*Hugh O'Flaherty* and *David Kempner*, for the appellant (plaintiff).

*George B. Thayer*, for the appellee (defendant).

HAMERSLEY, J. The letter of the defendant, in connection with other facts found, was not a disallowance of the plaintiff's claim and a refusal of payment, within the meaning of § 583 of the General Statutes. The disallowance must be expressed in unequivocal terms. *Bradley* v. *Vail*, 48 Conn. 375, 385.

The suit was not prematurely brought. Rights of action

against a debtor, which the law continues in force after his death,. are, upon grant of administration, demands against the administrator as representative of the deceased, and may be established by suit against him as such representative, and may be enforced to the extent of the intestate's property charged with the payment of debts, which is or ought to be in his administrator's hands. 1 Sw. Dig. 453 ; *Pitkin* v. *Pitkin*, 7 Conn. 307, 314. Such suit, independent of statute, may be brought at any time after the presentation of the claim. *Sacket* v. *Mead*, 1 Conn. 13, 17. The suit is against the administrator as representative of the deceased, and is mainly for the purpose of establishing the claim of the plaintiff to be a creditor entitled to payment by the administrator from assets in his hands. Execution on a judgment recovered in such suit cannot be satisfied without some action by the administrator; if he refuses to pay or to turn over the intestate's property, the execution cannot be levied. The suit is not based on an official duty the administrator owes to the plaintiff, but on an accrued right of action against the deceased continued against his representative, the administrator. The official duty of the administrator to the plaintiff to pay the demand, does not arise until the demand has been duly exhibited to him. It cannot be enforced until the claimant has established it by suit or in some other way. Then the administrator, besides his general duty to the estate to hasten its settlement by the payment of debts, owes an official duty to the owners of each particular debt which has been established, and this duty may be enforced against the administrator and his own property, either through a proceeding on a judgment obtained, or by a suit upon his bond. 1 Swift's Dig. 456.

This is the common law of our State. By that law a suit against the administrator as representative of the deceased is the only way by which the validity of a debt claimed as due from the deceased can be conclusively established. The creditor cannot even rely upon an admission of validity by the administrator as binding the estate, whatever effect a direct promise to pay might have. *Isaacs* v. *Stevens*, 13 Conn. 499,

505, 506. This common law is in force except as changed by statute.

The defendant assumes that the statute of limitations as to the claim in suit is suspended during the settlement of the estate, and therefore the right of action is suspended. Granting the assumption to be correct, the inference drawn does not follow. There are certain analogies between the relation of an administrator to parties interested in the estate and that of a trustee of an express trust to his *cestuis que trust;* but the assets of a solvent estate in the hands of an administrator are not, as the defendant claims, a trust fund administered by a court of equity, and the administrator is not protected from suits, as such trustee may be by the court administering the trust.

Our law authorizing the establishment of a claim by suit against the administrator during the settlement of an estate, has not been changed by statute. The law regulating the settlement of insolvent estates was first enacted in 1716. It permitted the administrator to represent the estate as insolvent. In such case an exclusive mode (subject to the exception stated) was provided for establishing the validity of claims, and therefore the statute prohibited any suit at common law (with a few specified exceptions) pending said settlement. Any inferential effect of this special prohibition would rather be to affirm than to take away the existing right of suit in the case of a solvent estate.

Section 583 of the General Statutes was first enacted in 1817, and authorizes an administrator by notifying a claimant that his demand will not be paid, to compel the bringing of a suit at any time during the settlement of the estate, under penalty of forfeiting all right of action if a suit is not commenced within four months from the date of such notice. The sole object of this statute "was to compel an early settlement of the estate." *Spalding* v. *Butts*, 6 Conn. 28. It gives the administrator power to force a claimant to determine the validity of his claim by suit, but the exercise of this power is optional with the administrator; and after notice of refusal to pay has been given, he may at his discretion,

until the period of four months has expired, revoke the notice. *Husted* v. *Hoyt*, 12 Conn. 160, 164. A statute enacted only to further the speedy settlement of estates, by compelling a dilatory claimant at the discretion of the administrator to establish his claim by suit, does not by implication take away from the vigilant claimant his existing right to establish his claim without compulsion.

We are aware of no other statute that affects, or is claimed to affect, the right of one whose demand has been duly presented, to establish its validity by suit at any time after the presentation of claims has expired. We find no case in our reports where this point has been directly adjudicated; probably because under our system and practice occasion for bringing such suit is not likely to be frequent, and because the right has never been questioned. But the law as stated by BALDWIN, J., that when the estate is solvent the administrator is liable to the suits of creditors (*Sacket* v. *Mead, supra,* p. 17), is impliedly recognized in *Robbins* v. *Coffing,* 52 Conn. 118, 142 *et seq.,* and is assumed in other cases. In *Bradley* v. *Vail, supra,* the suit apparently was brought before the time limited for settlement had expired, p. 383; and in *Grant* v. *Grant,* 63 Conn. 530, 550, the judgment of the court approved the institution of a suit during the settlement of an estate, if the claim had been duly presented.

There is error in the judgment of the Court of Common Pleas, and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.