The International Tool and Gauge Company, Inc.
*v.* Irene B. Borg, Executrix (Estate of
Ralph K. Borg)

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued October 8—decided October 28, 1958

*John J. Darcy*, with whom was *John R. Curran*, for the appellant (plaintiff).

*Gregory C. Willis*, for the appellee (defendant).

BALDWIN, J. The plaintiff brought this action against the defendant to establish a claim against the estate of which she was executrix. The trial court rendered judgment for the defendant because the action had not been brought within the time prescribed by law, and the plaintiff has appealed.

The statute (General Statutes § 6995, as amended, Cum. Sup. 1955, § 2935d) provides that no suit by the creditor of any deceased person whose estate is in process of settlement as a solvent estate shall be commenced within the period allowed by the Probate Court for the presentation of claims, unless written notice of disallowance has been given by the executor or administrator. It also provides that unless suit is started on a claim within four months after its disallowance, the claim is barred. The questions posed by this appeal are whether there was, in fact, a notice of disallowance which was sufficient to invoke the limitation of time for bringing suit, and whether suit was brought within a reasonable time in accordance with an agreement of the parties.

The death of a debtor arrests the running of the Statute of Limitations on claims against him until the appointment and qualification of his executor or administrator, at which time the statutes concerning the presentation of claims and the limitation of suits thereon come into operation. General

Statutes § 6990; Cum. Sup. 1955, § 2935d; *Bradley* v. *Vail,* 48 Conn. 375, 384; *Robbins* v. *Coffing,* 52 Conn. 118; 2 Locke & Kohn, Conn. Probate Practice, § 483. By giving written notice of the disallowance of a claim and thereby invoking the operation of the four-month limitation, the executor or administrator may compel the claimant to bring suit promptly. *Caulfield* v. *Green,* 73 Conn. 321, 325, 47 A. 334; 2 Locke & Kohn, op. cit., p. 517. The written notice of disallowance must be sufficiently unequivocal to put the claimant on notice that his claim is rejected and that an adjudication by commissioners or a court is necessary to establish it. *Bradley* v. *Vail,* supra, 385.

The defendant's decedent died in December, 1950. On May 8, 1951, the plaintiff, by its then attorney and within the time fixed by the Court of Probate, presented its claim to the attorney who then represented the defendant. In his letter, the plaintiff's attorney stated the amount and that it was made up of many book entries extending over a long period, so that any attempt to itemize it would be extremely burdensome. The defendant's attorney replied, on May 28, 1951, that the defendant had instructed him "to reject the claim." He added: "If you can obtain a complete analysis of this account . . . I may be able to explain this claim more clearly to her." In a letter dated August 31, 1951, the plaintiff's attorney indicated that certain written records pertaining to the claim had been left with the defendant's attorney. The letter recited an agreement "that no prior correspondence regarding this claim will have any effect on the running of the four months' period." The defendant's attorney replied on September 4, 1951, acknowledging the receipt of the records and stating again that the defendant had

rejected the plaintiff's claim on May 28, 1951, and that the plaintiff had "four months from that date or until September 28, 1951, to proceed further." He continued, however: "Should our examination of the [records] which you left with us extend so close to or after September 28 so as to prejudice your intention of proceeding further, please be advised that you are hereby assured that you will have reasonable additional time to take such further action as you desire." In a letter dated January 19, 1952, the defendant's attorney acknowledged receipt of what apparently was a letter of inquiry, and stated that he would write again very shortly with reference to the claim. Nothing further happened until an exchange of letters in June, 1955, in which the plaintiff's attorney inquired about the disposition of his client's claim, and the defendant's attorney replied that he had considered the matter a "dead issue." The plaintiff began this action on August 22, 1955. The trial court concluded that three and one-half years was an unreasonable length of time for the plaintiff to wait before instituting suit and that the action was barred.

The letters of the defendant's attorney dated May 28, 1951, and September 4, 1951, fairly put the plaintiff on notice, within the rule of the cases cited heretofore, that suit was necessary to fully protect its interests. This interpretation is fortified by the letter of the plaintiff's attorney dated August 31, 1951. The disallowance was, however, not as unequivocal as it should have been. In the letter of September 4, 1951, some leeway was offered beyond the expiration of the four months' period on September 28. But aside from the question whether it was necessary for the plaintiff to show that the defendant's attorney had any authority from the de-

fendant to make any such concession, it cannot be said that the "reasonable additional time" suggested should extend for three and one-half years. What is a reasonable time under the circumstances of any given case is a question of fact for the trier. *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 347, 71 A. 358; *Lockwood* v. *Crawford*, 18 Conn. 361, 372. Upon the facts in this case, the court did not err in ruling that the "reasonable additional time" accorded by the defendant's attorney had expired before suit was finally brought.

There is no error.

In this opinion the other judges concurred.