### Rocco Cassone *v.* Thomas Coyne, Executor (Estate of Mary T. Coyne)

Appellate Division of the Circuit Court

File No. CV 1-655-21774

Argued November 1—decided December 3, 1965

*Robert A. Epstein,* of Stamford, for the appellant (plaintiff).

*T. Ward Cleary,* of Stamford, for the appellee (defendant).

Pruyn, J. On this appeal the sole question is whether the court erred in rendering a summary judgment.

It is alleged in the amended complaint that the plaintiff rendered medical services to the defendant's decedent of a stated value, that demand for payment had been made, that the defendant failed to pay for the services and that within the time allowed by the Probate Court for the presentation

of claims the plaintiff presented a claim to the executor of the estate, which claim was disallowed. The defendant's answer, inter alia, admitted the allegation of the presentation and disallowance of the claim and set up as a special defense the four-month Statute of Limitations provided in § 45-210 of the General Statutes. The defendant then moved for summary judgment, supported by an affidavit stating in substance that on August 22, 1962, he sent a letter to the plaintiff asking for an itemized bill and verified claim, to which he received no reply; that on June 24, 1963, he sent another letter to the plaintiff that unless the plaintiff presented an itemized and sworn claim within ten days the defendant would disallow the claim, to which the defendant likewise received no reply; that on July 23, 1963, the defendant sent a registered letter to the plaintiff informing him that the defendant disallowed any and all the plaintiff's claims, which letter was returned by the post office marked "unclaimed"; that on August 6, 1963, the defendant sent another letter to the plaintiff, enclosing the July 23 letter and informing him that any and all of his claims were disallowed; that the defendant never received a claim from the plaintiff; and that the plaintiff's suit was barred by the Statute of Limitations.

The plaintiff did not file any opposing affidavit but filed a reply alleging that the notice of disallowance was insufficient and uncertain so as not to bring the Statute of Limitations into play. The plaintiff also filed with the court, attached to his memorandum in opposition to the motion for summary judgment, copies of the July 23 and August 6 letters of disallowance, each of which unequivocally stated that any and all of the plaintiff's claims were disallowed.

"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue

as to any material fact. . . . A party is entitled to relief by summary judgment when the facts set forth in affidavits show that there is no real issue of material fact to be tried." *Rathkopf* v. *Pearson,* 148 Conn. 260, 263. The parties may in addition to the affidavits file other available documentary proof or evidence. Practice Book § 299. The plaintiff did not file an opposing affidavit but did file copies of the two letters of disallowance from the defendant. The facts set forth in the defendant's affidavit were not controverted. Furthermore, the plaintiff made a judicial admission of disallowance in his amended complaint but in his reply attempted to raise the question of the validity of the notice of disallowance. The court below was correct in determining that there was no genuine issue of fact to be determined. The only issue is one of law—the validity of the notice of disallowance.

Our Statute of Nonclaim, as it is commonly called, provides that the Probate Court shall limit the time for creditors to present their claims against a solvent estate and debars a creditor of his claim if he does not present it within the time so limited. General Statutes § 45-205. A creditor whose claim has been presented and disallowed by the executor or administrator has four months from the date of disallowance in which to commence suit on his claim. General Statutes § 45-210. This statute supersedes and supplants the ordinary Statute of Limitations. *Robbins* v. *Coffing,* 52 Conn. 118, 142; *Caulfield* v. *Green,* 73 Conn. 321, 325. To bring a claim within the operation of this statute, the executor or administrator is required to give a written notice of disallowance "sufficiently unequivocal to put the claimant on notice that his claim is rejected and that an adjudication by commissioners or a court is necessary to establish it." *International Tool & Gauge Co.* v. *Borg,* 145 Conn. 644, 646; *Bradley* v. *Vail,* 48 Conn.

375, 385. Nothing could be more unequivocal than the statement in the defendant's letter to the plaintiff of July 23, 1963, "Please take notice that I hereby disallow any and all of your claims," and the statement in his letter of August 6, 1963, "Any and all of your claims are disallowed."

The plaintiff argues, however, that the notice of disallowance must state the four-month time limit in which to bring suit. There is no merit to this argument. There is nothing in the statute or the decisions expressly or inferentially requiring such statement. The sole requirement is an unequivocal disallowance.

There is no error.

In this opinion KINMONTH and LEVINE, Js., concurred.