The, plaintiff presented its claim to the defendant, as executrix of the estate of Reuben Kaminsky, for money due on two promissory notes. In its complaint the plaintiff alleged that those claims were denied or disallowed on January 11, 1973, although it alleged that on several occasions, commencing in October, 1973, the defendant disavowed that denial. The defendant demurred to the complaint for the reason that suit was not instituted until November 5, 1974, and, accordingly, the action did not comply with the four-month time limit set forth in 45-210 of the General Statutes. The demurrer was sustained, judgment was rendered for failure to plead further and the plaintiff has appealed, assigning as error the sustaining of the demurrer.
The sole issue in this case is whether the demurrer to the complaint was properly sustained. The parties contend that, at the resolution of this issue depends on our construction of the second sentence of 45-210 which is set out, in pertinent part, in the footnote.[1]
The defendant claims that the second sentence of 45-210 imposes a condition precedent to the right of action analogous to the condition imposed in the nonclaim statute. General Statutes 45-205. See State v. Goldfarb, 160 Conn. 320. The court below adopted the defendant's position. The plaintiff cites the traditional construction of that sentence as a statute of limitations which must be specially pleaded as a defense. See Caulfield v. Green, 73 Conn. 321; Grant v. Grant 63 Conn. 530,546; Robbins v. Coffing, 52 Conn. 118, 141; Locke *Page 514 
Kohn, Conn. Probate Practice 481. It is not necessary, however, for us to construe that provision of 45-210 in order to resolve the issue on appeal. Whether it is a condition precedent or a statute of limitations, a demurrer was proper in this case because of the manner in which the plaintiff framed its complaint.
It is clear from the plaintiff's complaint that it anticipated that the defendant would raise the issue of its failure to commence the action within four months from the date of the denial of the claim, as required by 45-210. The plaintiff commenced this cause of action in November, 1974. In the complaint the plaintiff alleged that the defendant's actions in October, 1973, and on subsequent dates, indicated a disavowal of the denial of the claim on January 11, 1973. Those allegations do not help to sustain the plaintiff's suit because the alleged disavowals were many months after the May 11, 1973 deadline for bringing this cause of action. The disavowals are immaterial since the statute provides that once the four-month period has run a creditor's right of action is absolutely barred. That bar is positive. International Tool Gauge Co. v. Borg,145 Conn. 644.
The allegations in the complaint are fatal to the cause of action if the four-month provision is a condition precedent. If the four-month provision is to be considered as a statute of limitations, the complaint in the instant case is also demurrable. As a general rule, statutes of limitation should be specially pleaded as a defense. Barney v. Thompson, 159 Conn. 416, 419; Hitchcock v. Union New Haven Trust Co.,134 Conn. 246, 248. Nevertheless, "it is permissible for the plaintiff, in framing his complaint in an action against which the statute of limitations has apparently run, to state his whole case and allege the facts he deems legally sufficient to *Page 515 
enable him to maintain his action, notwithstanding the time limited for its commencement has expired; and when this is done it is permissible for the defendant to raise the question of law by a demurrer to the complaint." Radezky v. Sargent 
Co., 77 Conn. 110, 114. In such a situation the plaintiff, with all of the necessary facts being presented to the court in the manner most favorable to it, cannot now object to a resolution of the issue. On an adverse ruling it is afforded another opportunity to amend the statement of its factual claims with the benefit of hindsight. There is no reason to wait until a trial to resolve the issue when on the plaintiff's own version of the facts it cannot prevail as a matter of law. The trial court properly sustained the demurrer.
 There is no error.
In this opinion SPEZIALE and D. SHEA, Js., concurred.