[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
On January 15, 1990, Jerry Cooper (hereinafter defendant) was duly appointed by the Danbury Probate Court as the Administrator of the Estate of Mark A. Cooper. Benson A. Snaider, P.C. (hereinafter plaintiff), filed a proof of claim against the estate for legal services rendered in the amount of $74,919.01, as per Conn. General statutes 45a-358. Defendant neither rejected, allowed nor paid the claim within 90 days from the date it was presented to him. Thus, as per General statutes45a-360(c), plaintiff gave notice to act on the claim. Since no action was taken on the claim, it was deemed rejected pursuant to General Statutes 45a-360(c)(a).
Upon rejection of its claim, plaintiff initiated an action in the Superior Court, within the time prescribed by General Statutes 45a-363, by serving a complaint and summons on November 16, 1991. The complaint contained two counts. The first count is directed against the defendant as Administrator of the Estate of Mark A. Cooper, claiming that said defendant has refused to pay a claim due and owing. The second count is directed at the defendant individually and alleges that in various respects he has breached his fiduciary towards the Estate and the heirs and creditors of the decedent. The complaint, as amended, prays for money damages against the estate, money damages against the defendant individually, and such other relief as in equity may pertain. On April 21, 1992, the Estate was declared insolvent by the Danbury Probate Court.
Before the court is the defendant's motion to dismiss the first and second counts of plaintiff's complaint or lack of CT Page 10469 subject matter jurisdiction. The basis of the motion to dismiss the first count is that since the Estate has been declared insolvent by the Probate Court, this court has no jurisdiction pursuant to General statutes 45a-382. The claim with respect to the second count is that there is no subject matter jurisdiction because the proper procedure is for the plaintiff to petition the Probate Court for the removal of the Administrator.
A motion to dismiss is the proper vehicle by which one may challenge the jurisdiction of a court. Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490, A.2d 509 (1985). "In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged. The source of the jurisdiction of a court is the constitutional and statutory provisions by which the court is created." Robinson v. ITT Continental Baking Co., 2 Conn. App. 308, 311, 478 A.2d 265
(1984).
"The superior court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute." General statutes 51-164S. The probate court has a limited jurisdiction. Brown v. Union New Haven Trust Co., 143 Conn. 662, 665, 124 A.2d 901 (1956). "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563, 565, 192 A.2d 44
(1963).
"The Superior Court cannot exercise a primary jurisdiction which by the statute is reposed in the Courts of Probate." First National Bank Trust Co. v. McCoy, 124 Conn. 111, 115,198 A. 183 (1938). "[T]he Probate Court, by virtue of its long-standing statutory authority, has exclusive subject matter jurisdiction over matters involving the validity of wills and the settlement of estates." Dunham v. Dunham, 204 Conn. 303, 328, 528 A.2d 1123
(1987).
The motion to dismiss, with respect to the first count, raises the claim that General Statutes 45a-382 dictates that where, as here, an estate has been declared insolvent, jurisdiction is with the probate court. The statute provides: CT Page 10470
 Except as provided by section 45a-380, no suit shall be brought against the fiduciary of an estate in course of settlement as insolvent. If judgment has been rendered against such fiduciary before the commencement of its settlement as an insolvent estate, execution shall not issue, but the creditor may present his judgment to the fiduciary and receive his proportionate share of the estate with the other creditors. If judgment has not been rendered, any pending suit shall abate and the creditor shall submit his claim to the fiduciary and may request that costs incurred in connection with the suit up to the date of abatement be added to the claim.
Conn. General Statutes 45a-382.
"By statute it is provided that a Probate Court may make any and all orders necessary and proper to secure the due execution of the duties of a fiduciary accountable to it. For example, a Probate Court can compel an executor or administrator to perform duties, may order an administrator to file new and additional inventories, can compel the performance of the duty to file a final account or to make partial distributions. . . (citations omitted)." G. Wilhelm R. Folsom, Connecticut Estate Practice, Jurisdiction and Procedure, 54 (Rev. Ed. 1983). Nevertheless, "[i]t has also been held that a Probate Court lacks jurisdiction I to order an administrator or executor to pay a disallowed claim. The claimant's recourse is a court of general jurisdiction (citations omitted)." Id., 54, 58. The probate court's lack of jurisdiction over disallowed claims applies only where an estate is solvent as "[i]t also has been held that only a Probate Court may determine the solvency or insolvency of an estate, or the order of priority of claims or the percentages available to creditors in each class. (citations omitted)." Id., 44.
"The law regulating the settlement of insolvent estates was first enacted in 1716. It permitted the administrator to represent the estate as insolvent. In such case an exclusive mode. . .was provided for establishing the validity of claims, and therefore, the statute prohibited any suit at common CT Page 10471 law. . .pending said settlement." Caulfield v. Green, 73 Conn. 321,325, 47 A. 334 (1900). Statutes defining probate court jurisdiction in the late 1800's provided that when an administrator of a solvent estate disallowed a claim, "the creditor must [have] commence [d] suit within four months after notification of the disallowance . . . . [The suit must have been brought] in a court of ordinary jurisdiction, for courts of probate have no original power to decide upon the validity of claims which are disallowed by the administrator of a solvent estate." Davis v. Weed, 44 Conn. 569, 576 (1877). "In Connecticut, if the estate is insolvent, there should be a representation of insolvency so soon as that fact appears, and thereafter the payment of debts is conducted under the orders of the court of probate." Id., 578.
Since the estate has been declared insolvent, the statute wrests jurisdiction from the Superior Court and places it with the Probate Court. See General statutes 45a-382. Accordingly, the motion to dismiss, with respect to the first count, is granted for the reason urged by the defendant.
Although not made a basis of the motion to dismiss the first count, the court notes that the summons in this case names as the only defendant "Jerry Cooper", and the return of service reflects service on Jerry Cooper. The first count of the complaint makes a claim against "Jerry Cooper as Administrator of the Estate of Mark A. Cooper". Therefore, the first count is directed at a non-party. One of the grounds set forth in Practice Book 143 as a basis for dismissal is lack of jurisdiction over the person. There is no jurisdiction over someone not named in the summons as a defendant and who is not served. Whenever a lack of jurisdiction comes to a court's notice, the court can dismiss the proceeding upon its own motion. See Park City Hospital v. Commission on Hospitals Health Care, 210 Conn. 697, 702. The first count is dismissed on this basis as well as the one claimed by the defendant.
The basis of the motion to dismiss the second count, which count is directed at Jerry Cooper, Individually, is that a claim that the individual defendant has breached his fiduciary duties and thus caused damages to the plaintiff, should properly be handled by the filing of a petition with the Probate Court seeking the removal of the fiduciary. While this course of action could be followed, the failure to so proceed does not mean that there is a lack of jurisdiction by the court over the cause CT Page 10472 of action alleged in the second count. None of the bases set forth in Practice Book 143 which may be used to assert a lack of jurisdiction are claimed by the defendant nor do any of them appear to apply to the second count. While there may be certain inadequacies in the allegations of the second count, the court is of the opinion that they are not jurisdictional in nature.
For the reasons above stated, the motion to dismiss is granted as to the first count and denied as to the second count.
Hadden, J.