[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION TO STRIKE
The plaintiff, doing business as Mansfield Avenue Associates, brings this action against the defendant Pullman Comley, a law CT Page 10723 firm, and one of its employees or partners, for damages arising out of the law firm's representation of the plaintiff in the purchase of a piece of real property. The closing occurred on December 23, 1986, and the action was commenced by service of process on December 22, 1992, one day short of six years later.
The defendant moves to strike the allegations in the plaintiff's revised complaint on the grounds that the causes of action are time-barred. The plaintiff replies that the first two causes of action sound in contract rather than in tort, so that a six year statute is applicable, and the third is brought pursuant to Conn. Gen. Stat. Sec. 52-584b which, in the case of rendering title opinions, prescribes up to ten years in which to bring an action.
For purposes of a Motion to Strike, the facts alleged in the complaint are to be construed in the light most favorable to the plaintiff. Amodio v. Cunningham, 182 Conn. 80 (1980). Further, the court may not go outside the four corners of the complaint to explore facts and investigate grounds for ruling on the motion. See, e.g., Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181
(1979).
Ordinarily, the resolution of the question of the statute of limitations barring the action must be raised first by the filing of a special defense after which a Motion for Summary Judgment is filed or the defense is asserted at trial. See, Travelers Indemnity Co. v. Rubin, 209 Conn. 437, 446 (1988). Some courts have relaxed the rule to allow the court to anticipate the statute of limitations defense from the state of the pleadings, so that it may be raised and ruled on through a Motion to Strike. See, Abate v. Barkers of Wallingford, Inc., 27 Conn. Sup. 46, 48 (1967); Guaranty Bank Trust Co. v. Kaminsky, 33 Conn. Sup. 512 (1976). See also Mac's Car City Inc. v. DeNigris, 18 Conn. App. 525, 528
(1989).
Here both the parties have addressed the merits of the Motion to Strike in their papers, and neither has asserted any arguments relative to the untimeliness of the statute of limitations defense being raised at this stage. Since both parties have essentially moved on to the meat of the issue, the court considers this an appropriate case to adopt the latter view that, when it is clear that a statute of limitations defense is to be raised and where both parties address the issue in their papers, the court may rule on the issue in response to a Motion to Strike. CT Page 10724
* * * * *
Count One of the revised complaint asserts that the plaintiff and defendant entered into a contract for legal services in connection with the purchase of real property which culminated in a closing on December 23, 1986. The defendant moves to strike this count on the grounds that Conn. Gen. Stat. Sec. 52-581 bars such an action based on a three year statute of limitations period. The statute provides:
 (a) No action founded upon any express contract or agreement which is not reduced to writing, or of which some note or memorandum is not made in writing and signed by the party to be charged therewith or his agent, shall be brought but within three years after the right of action accrues.
The plaintiff responds that Conn. Gen. Stat. 52-576 sets the appropriate statute of limitations at six years, since this is a contract that has been fully performed by one side. Tierney v. American Urban Corporation, 170 Conn. 243, 248-49 (1976). The problem is that the complaint does not allege that the contract was fully performed, presumably by the plaintiff in paying for the legal services rendered by the defendants. Although the allegations in the complaint are to be viewed in a light most favorable to the plaintiff, the court declines to infer or construct an essential element of the issue at hand from the facts pled. On the other hand the court declines to strike an entire count of the complaint at this stage merely because the plaintiff failed to spell out whether the contract was written or oral and, if oral, whether it was fully performed by one side. The allegations, without more, state a cause of action not barred by Conn. Gen. Stat. 52-576. The defendant remains free to plead the special defense of the statute of limitations under 52-581 and file for summary judgment with documentation, if any there be, that would tend, to show the contract here was oral and executory, rather than performed by one side according to its terms.
Count Two is another matter. The plaintiffs have attempted to characterize this count as one sounding in contract also, rather than in tort; but Count Two, quite literally, has negligence written all over it. It alleges that the plaintiffs were owed a duty by the defendants and that the defendants were "careless and CT Page 10725 negligent", as a "direct and proximate result" [of which] . . ., the plaintiffs were caused to sustain damages." Paragraph 8, Count Two. While the duty to exercise due care may be arise out of a contractual relationship between the parties, see, e.g., Urban v. Hartford Gas Co., 139 Conn. 301 (1952), the failure to use due care is still a tort, notwithstanding that such a failure may also give rise to an action for breach of contract. See, Stowe v. Smith,184 Conn. 194 (1981). The cause of action in tort is subject to the limitation period found in Conn. Gen. Stat. 52-577 — three years. Count Two fails in this regard.
Count Three alleges that the defendants were to conduct a title search and to provide a certificate of title and that they did so negligently, causing damages to the plaintiffs. Conn. Gen. Stat. Sec. 52-584b provides that the limitation period for bringing such an action is no greater than ten years and that it must be brought within two years from the date the injury is first sustained or discovered.
Although for the sake of judicial efficiency the court may decide statute of limitations issues on a motion to strike in certain circumstances, the court must still do so without reference to matters outside the pleadings, such as exhibits and other facts which are not apparent. The complaint pleads that the defendants negligently rendered a title opinion. Although the complaint states that the opinion related to a prior use of the property, a number of facts remain unclear from the pleadings: was the use somehow part of the title to the property, as in a restrictive covenant, was the action brought within two years of the date the injury was sustained or discovered? The court must construe the allegations of Count Three in the light most favorable to the plaintiff, and in doing so, the court finds that a cause of action has been stated. If there are further facts which the defendant can show to exist which take the defendants, actions outside of the definition of performing a title search or delivering a title certificate or opinion, the defendant must specially plead the statute of limitations and submit those facts at trial or for summary judgment.
* * * * *
The Motion to Strike is granted as to Count Two. It is denied as to Count One and Three.
PATTY JENKINS PITTMAN, JUDGE CT Page 10726