[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On June 12, 1998, Alan Gagne was involved in a motor vehicle accident with the plaintiff. Mr. Gagne died on September 9, 1999, about five months prior to an attempted service on the decedent by a sheriff. The original summons and complaint was served on the Commissioner of Motor Vehicles. On July 24, 2000, Judge Hurley dismissed this action for lack of personal jurisdiction. The plaintiff then opened an estate for the purpose of bringing the present action and service was made on the agent of service for the Estate of Alan Gagne on May 15, 2001. As a basis for the present suit, the complaint states in paragraph 2 that § 52-592
of the Connecticut General Statutes "allows the commencement of a new action within one year if the prior action was dismissed because of want of jurisdiction." In Gallo v. G. Fox Co., 148 Conn. 327, 329 (1961), the court said: "This statute was passed to avoid the hardships arising from an unbending enforcement of limitation statutes. The extension of time provided by it applies to all cases where a suit, seasonably begun, has failed for one or more of the causes stated." Capers v. Lee, 239 Conn. 265
(1996) agreed with this statement but added: "As we have also stated, however, "the extension of time (in § 52-592 is) in terms made applicable to all cases where a `suit' seasonably begin has failed for the causes stated . . . (Emphasis added.). . . . Therefore, § 52-592
applies only when there has been an original action that had been commenced in a timely fashion.'" Id., 271.
The relevant portion of § 52-592 reads as follows:
 "(a) If an action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to "whom it was committed, or because the action has been dismissed for want of jurisdiction, or the action has been otherwise avoided or defeated by the death of a party or for any matter of form. . . . the plaintiff. . . . may commence a new action. . . . for the same cause at any time within a year after the determination of the original action."
The defendant has now filed a motion to dismiss claiming the court has no jurisdiction to hear this matter. The first set of arguments between the parties centered on the applicability of § 52-592. On the basis of what occurred here, it could certainly be argued that the statute applied. Isaac v. Mt. Sinai Hospital, 210 Conn. 721, 730 (1989) gave a broad meaning to the word "action" — the original suit did represent a demand of one's right in a court of law and the requirements of § 52-45a would, therefore, seem to be met since the "action" was "commenced" under § 52-45a by the service of process that was made. CT Page 5355 Also, the original action by these terms was commenced within the statutory time limit of two years (§ 52-584) for bringing a tort action; it was brought in September, 1999 on a June, 1998 tort. This action was brought within one year after Judge Hurley dismissed the first action in July of 2000.
The problem with reliance on § 52-592 is that the first suit never legally existed so it is difficult to see how there can be said to be an action which is subject to being saved by § 52-592. Isaac v. Mt.Sinai Hospital, supra, is the highwater mark of a liberal interpretation to § 52-592, but its facts distinguish it from this case.
There, the court held the statute could be relied on in a situation where the original wrongful death suit was brought by a person who had been appointed administratrix of the estate. That suit was dismissed for lack of subject matter jurisdiction but the new suit was brought by a properly appointed administratrix within the time limit of § 52-592
and the Isaac court said that § 52-592 saved it. The claim in Isaac
that the statute did not apply "because the first suit never legally existed was answered, the Isaac court said by Judge Cardozo in Gaines v.New York, 109 N.E. 594 (1915) which interpreted a New York statute similar in intent to our § 52-592. There, Judge Cardozo rejected an argument that that state's ameliorative statute did not apply in a situation where the original action was brought in the City Court within the limitation period. The matter was dismissed when it came for trial because the City Court had no jurisdiction of suits against the city. Id., 595. of course, in situations like Isaac and Gaines, the ameliorative purpose of statutes like § 52-592 should be allowed to operate. There were valid claims capable of being tried on the merits that failed initially because the wrong entity asserted the claim or the wrong court was chosen. As said in Isaac the ultimate purpose of § 52-592
is to permit "the diligent suitor the right to a hearing in court until he (she) reaches a judgment on the merits." 210 Conn. 733; in fact, . . . "our procedure does not favor the termination of proceeding without a determination of the merits." Coppola v. Coppola,243 Conn. 657, 665 (1998). But here, since Gagne was dead when the original suit was brought "there was "cause or right of action' to be saved," Noble v. Corkin, 45 Conn. Sup. 330, 333
(1998) (Blue, J.). Judge Blue referred to two cases that underline the point and quotes from them:
 "By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent." Thompson v. Peck, 181 A. 597, 598. (Pa., 1935). CT Page 5356
In Volkman v. State Farm, 432 N.E.2d 1149 (Ill., 1982) the court said: "A dead person is a nonexistent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio and do not invoke the jurisdiction of the trial court." Id., 1151. Also see Bateman v. Wood, 9 N.E.2d 375, 377 (Mass., 1937) where the court says since the action was against a person who was dead, no such person existed and "the actions were in truth against nobody."
In other words, the original action against Alan Gagne was brought at a time when he was deceased, therefore, it is a nullity and was not an "action" that could be saved by § 52-592. It would be as if a party had commenced an action against an entity that was totally separate and distinct from the entity arguably liable for a particular wrong. The action is dismissed and the losing party files a new action relying on § 52-592 although, as here, at the point at which the new action is brought the limitations statute has run. Section 52-592 was created to relax the too stringent application of limitations statutes; it cannot be so interpreted as to completely ignore them.
Perhaps in recognition of the foregoing difficulty presented by a reliance on § 52-592 or at least as an alternative attempt to resist the defendant's motion, the plaintiff argues that there is no statute of limitation problem since the statute of limitations is tolled pursuant to common law. This argument has two consequences which the court should mention before discussing the issue on the merit. For one thing, the argument precludes any need to assess the application of § 52-592
— that ameliorative statute only needs to be considered when an action would otherwise be precluded by application of the limitations statute under circumstances in which it cannot be said to be tolled.
Also, statute of limitations questions are not usually raised by motions to dismiss. In fact, they can only be addressed by a motion to strike if all the facts necessary to resolve such a matter are apparent on the record and the parties so agree. Vilcinskas v. Sears Roebuck Co., 144 Conn. 170, 171 (1956).[1] The court will regard the motion as a motion to strike or even perhaps a summary judgment motion since the parties by their briefs and argument assume the court has all the facts before it to resolve the tolling question. To do so the only thing the court must consider extraneous to the complaint are state statutes of which the court can take judicial notice and uncontroverted admissions.
Turning to the merits of the plaintiff's position, the point is made by the plaintiff that at common law: "The death of a debtor arrests the running of the statute of limitations on claims against him (sic) until CT Page 5357 the appointment and qualification of his (sic) executor or administrator, at which time the statutes concerning the presentation of claims and the limitation of suits thereon come into operation."International Tool Gauge Co. v. Borge, 145 Conn. 644, 645 (1958). InLubas v. McCusker, 153 Conn. 250, 255 (1965), as said in an earlier edition of Locke Kohn, Conn. Probate Practice, § 483." The death of a debtor does not remove the bar of the statute of limitations if the full period of limitation has run by the time of death; but it does arrest the further running of the statute until the appointment and qualification of an executor or administrator." Because the statute of limitations would this begin to run immediately upon the appointment of the executor or executrix in a situation where much of the statute had run, fairness required the invention in the old statutory scheme of § 42-205 which said:
 "If any person against whom a claim founded in tort esists dies on the day the applicable statute of limitations expires or within thirty days prior to such day, a period of thirty days from the appointment of his (sic) executor shall be allowed within which to commence suit."
(Section 42-205 is now Section 45a-395 (g) which is part of the statutory scheme dealing with claims against estates of people dying before 1987.
The difficulty with the situation at common law was that if death tolls the statute and it does not begin to run until a fiduciary is appointed, a prospective plaintiff could wait years to open an estate, thus avoiding any policy objectives sought to be achieved by our limitations statutes.
The legislature sought to address this problem in 1987 when it passed what are now §§ 45a-353 through 45a-383 of the Connecticut General Statutes entitled "Claims Against Decedent's Estates for Decedents Dying On or After October 1, 1987." It specifically addressed the tolling problem in subsection (c) of § 45a-375 where it says in relevant part:
 ". . . No claim may be presented and no suit may be commenced against the fiduciary, the estate of the decedent, or any creditor or beneficiary of such estate but within (1) two years from the date of the decedent's death or (2) the date upon which the statute of limitations applicable to such a claim . . . would otherwise have expired, whichever shall first occur."
CT Page 5358 There is a subsection (a) to § 45a-375 which like the old §42-205 was enacted out of considerations of fairness. It says a thirty day extension is allowed within which to make a claim "if any person against whom a claim exists dies within thirty days prior to the expiration of the limitations statute. But subsection (a) does not conflict with subsection (c) or compromise the legislature's intent to address the common law tolling problem. The two subsections must simply be read together. The thirty day extension is only allowed within the context of the two year limits set forth on subsection (c).
Here, the defendant died long before thirty days prior to the expiration of the limitations period so it is irrelevant to any consideration before the court.
Also the language of § 45a-375 in using the word "claim" is broad enough to encompass a tort claim such as made here. Subsection (d) of § 45a-353 says:
 "(d) `Claim' means all claims against a decedent (1) existing at the time of death or arising after the decedent's death including, but not limited to claims . . . founded in tort . . ."
(The definition is explicitly referenced as applying to the use of the word "claim" in § 45a-375; the statute says for the purposes of sections . . . 45a-353 to 45a-390 the following terms shall have the following meanings . . ." and then defines claim.)
The point here is that the plaintiff had a tort claim arising on June 12, 1998. The applicable statute of limitations allowed suit to be brought as late as June 12, 2000. Notice of Death was served on the plaintiff on April 11, 2000. Under § 45a-375 (c), the plaintiff had two months within which to create an estate and bring suit. Suit was not brought, however, until May 15, 2001, a day after an administratrix was appointed and well beyond the bounds of subsection (c) of § 45a-375. Therefore, the suit must be dismissed.[2]
Corradino, J.